**MARLIN, Plaintiff-Appellant, v. BOARD OF ELECTION OF CUYAHOGA COUNTY, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23148.   Decided April 21, 1954.

Laurence W. Marlin, for appellant, In Propria Persona.
Frank T. Cullitan, Pros. Atty., Saul S. Danaceau, Asst. Pros. Atty., Cleveland, for appellee.

(DOYLE, J, of the 9th District, sitting by designation in place of KOVACHY, J.)

540

## OPINION

By DOYLE, J:

There was filed in the Common Pleas Court of Cuyahoga County, a petition to restrain the Board of Elections of Cuyahoga County, from placing the name of Walter T. Kinder on the Democratic ballot for the primary election to be held on May 4, 1954, as a candidate for the office of Judge of the Probate Court, full term, commencing February 9, 1955; likewise, to enjoin the said board "from certifying the validity of said declaration of candidacy."

The petition alleged that:

1. Kinder "is not and has never been a member of the Democratic Party;"

2. He "voted in the primary election of 1948 and declared himself as a Republican;"

3. He "violated §3513.191 R. C., when he swore * * * that he was a member of the Democratic Party;"

4. The Board of Elections violated §3513.191 R. C., "by accepting said declaration of candidacy and not examining their voting records showing said candidate as a registered and declared Republican and not eligible to present himself as a candidate in a primary on the Democratic ticket."

To this petition, the Board of Elections filed the following motion:

"Now comes the Board of Elections of Cuyahoga County, Ohio, and moves that the petition be dismissed for the reason that neither the plaintiff nor anyone else filed a protest against the candidacy of Walter T. Kinder for the office of Judge of the Probate Court for the term set forth in the petition, as provided by §3513.05 R. C., and for the reason that the facts stated in the petition do not constitute a cause of action nor may injunctive relief be predicated thereon."

Upon hearing on the motion, the trial court ruled:

"Motion of defendant, Board of Elections * * * to dismiss petition is heard and granted. Petition is dismissed at costs of plaintiff, for which judgment is rendered."

Appeal has been perfected to this court from the judgment so rendered, with the following assignments of error:

1. The trial court "erred in holding that as a matter of law a protest to the Board of Elections was a mandatory requirement as a condition precedent to the determination of all issues with regard to elections."

2. The trial court "erred in its refusal to the plaintiff to permit introduction of records of the Board of Elections and examination of the candidate in question."

1. Recent amendments to the election laws of this state have

not rendered obsolete the principles which have pertained for decades, that the declarations of candidates for public office, their qualifications for nomination, and their election, being to the political branch of the government, and that they are not per se the subject of judicial cognizance. The legislative department of government makes the rules, and the executive departments carry them out. **Pierce v. Brushart, et al, etc., 153 Oh St 372,** and cases cited at **pages 379-380.**

2. "In the absence of fraud or bad faith, the courts may not override a finding of a board of elections, having jurisdiction of the subject matter, to the effect that a declaration of candidacy and petition of a candidate for nomination to a public office is valid, where no protest against such declaration and petition was filed with such board within the time required by statute." Ibid, parag. 1 of syllabus.

3. Allegations of fraud, corruption, or abuse of discretion must be specific. Likewise, allegations must be specific in charging a flagrant misinterpretation of a statute or a clear disregard of the statutory law.

**State ex rel Maxwell, Pros. Atty. v. Schneider, 103 Oh St 492.**

**State, ex rel. Crull v. Eidgenoss, 108 Oh St 493.**

**Koehler Jr. v. Board of Elections, 125 Oh St 251.**

**State, ex rel. Columbus Blank Book Mfg. Co. v. Ayres, Auditor, 142 Oh St 216.**

**State, ex rel. Burgstaller v. Franklin County Board of Elections, 149 Oh St 193.**

4. **Sec. 3515.05 R. C.,** provides the method for protesting the candidacy of persons seeking party nomination. In so far as pertinent, it is:

"Protests against the candidacy of any person filing a declaration of candidacy for party nomination or for election to an office or position, as provided in this section, may be filed by any qualified elector who is a member of the same political party as the candidate, or by the controlling committee of such party. Such protest must be in writing, and must be filed not later than six-thirty P. M. of the eightieth day before the day of the primary election. Such protest shall be filed with the election officials with whom the declaration of candidacy and petition was filed. Upon the filing of such protest the election officials with whom it is filed shall promptly fix the time for hearing it, and shall forthwith mail notice of the filing of such protest and the time fixed for hearing it, to the person whose candidacy is so protested. They shall also forthwith mail notice of the time fixed for such hearing to the person who filed the protest. At the time fixed such election officials shall hear the protest and determine the validity or invalidity of the declaration of candidacy and petition."

From the foregoing, it appears obvious that, if an elector desires to challenge the candidacy of a person for the nomination of his party, he must avail himself of his statutory remedies before the board, instead of resorting in the first instance to a court. The exception, and only exception, to this requirement, is where it is claimed specifically that the Board of Elections has been guilty of fraud or bad faith.

As we examine the petition of the appellant, we find nothing to indicate that he had availed himself of his right to protest in writing, to the Board, nor do we find any specific allegation of fraud or bad faith on the part of the Board, or of any of its members. These are necessary allegations in a petition of this character.

The Common Pleas Court had no jurisdiction in this case to enter into the political field and usurp the duties and powers given to another department of government. The Board of Elections has determined the qualifications of this candidate Such qualifications cannot be successfully challenged by inadequate and bare accusations in a petition in court. The accusations must have legal substance. There are none here.

The court properly sustained the motion to dismiss and its judgment will be affirmed.

Judgment affirmed.

HURD, PJ, SKEEL, J, concur.