**STATE, ex rel. VASVARI, Plaintiff-Appellants, v. RICKERT et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3929.   Decided April 4, 1957.

Robert J. Kalafut, Robert E. Tablack, Youngstown, for plaintiff-appellant.

Thomas A. Beil, Pros. Atty., Harold Hull, Asst. Pros. Atty., for defendants-appellees.

## OPINION

By PHILLIPS, J.

Appellant incurred no personal expense but accepted a contribution of campaign cards costing $11.45 during his candidacy for election as Precinct Committeeman of the City of Struthers in the May Primary 1956.  Appellant filed no expense account as required by §3517.11 R. C., because he believed "such action was unnecessary as he was not a candidate for public office."

On January 14, 1957, appellant filed a petition for election to the

office of Councilman at Large of the City of Struthers in the May Primary 1957.

The Board of Elections of Mahoning County notified appellant his petition was found insufficient by the Board of Elections of Mahoning County on the 8th day of February 1957 for not filing an expense account as a candidate for Precinct Committeeman in the primary election 1956, as required by §3517.11 R. C.

Appellant tendered his expense account for the May 1956 primary to the Board of Elections subsequent to the expiration of filing date therefore, which the Board of Elections refused to accept.

On hearing had on his protest filed with such board appellant again tendered his expense account for the May 1956 primary which the Board refused to accept a second time.

On February 18, 1957, appellant filed an action in mandamus against the Board of Elections to compel it to place his name on the ballot at the May Primary 1957.

The trial judge denied the writ and appellant appealed from that denial to this court on questions of law contending by assignment of errors, oral argument and brief that:—

"1. Said verdict is contrary to law in that:

"a. Relator was not a candidate for public office and statements of expenditures are required to be filed only by the candidates running for public office.

"b. Assuming relator did have to file an expenditure account, he may now file and tender such."

Arguing his contentions by brief·appellant contends:—

"7. As a general rule, statements are required to be filed only by candidates running for public office.

"8. Thus it has been held that filings need not be made by candidates for membership in party committees, to be elected at a primary election, for such persons are not candidates for public office.

"9. It is generally agreed that party committeemen do not become public officers by reason of the fact that they are elected at a statutory primary election, because the duties of a public office are in their nature public, that is, they involve in their performance the exercise of some portion of the sovereign power, whether great or small, in the performance of which all citizens, irrespective of party, are interested. Manifestly, membership in a political.committee belonging to one party or the other does not come within the above description of what constitutes public office, and the fact that the legislature undertakes by statute to regulate the election and conduct of political committees does not make the office a public one."

In a word defendant's position is:—

"Defendants do not contend that plaintiff could not have filed his expense account at the time that he did, but it is seriously contended that he could not abrogate and nullify the provision of §3513.05 R. C. (ninety day period for filing declaration of candidacy). The provisions of this statute are mandatory and a valid petition must be filed at least ninety days before the day of the primary election."

Sec. 3513.05 R. C., provides inter alia as follows:—

"Each person desiring to become a candidate for a party nomination or for election to an office or position to be voted for at a primary election shall, not later than four p. m. of the ninetieth day before the day of such primary election, file a declaration of candidacy and petition and pay the fee required by §3513.10 R. C. * * *."

Sec. 3517.10 R. C., provides in part as follows:—

"Every candidate and campaign committee and every person, association, or group of persons, incorporated or unincorporated, who contributed promised to contribute, received, or expended, directly or indirectly, any money or things of value in connection with the nomination or election of any candidate at any election held in this state shall, not later than four p. m. of the thirtieth day after such election, file a full, true, and itemized statement, subscribed and sworn to before an officer authorized to administer oaths, setting forth in detail the moneys or things of value so contributed, promised, received, or expended, the names of the persons from whom received and to whom paid, and the object or purpose for which expended. * * *."

Sec. 3517.11, R. C., provides:—

"Failure of any candidate to file a statement of expenditures shall disqualify said person from becoming a candidate in any future election for a period of five years."

It is undenied that appellant was a person and was a candidate for election as a Democratic precinct committeeman at the Democratic Primary in 1956; that he received a contribution of campaign cards. things of value; that he failed to file a full, true and itemized statement —setting forth in detail the moneys or things of value received by him and "the names of the persons from whom received" "in connection with the election" as precinct committeeman "not later than four p. m. of the thirtieth day after such election."

We concur in defendants' contention that not having filed his expense account in question the petition plaintiff attempted to file was not a valid petition, which determines this case adversely to appellant.

Notwithstanding that decision we proceed to consider and dispose of the question raised by appellee whether this court can issue a writ of mandamus to plaintiff against defendant board upon the facts stated where the board construed and applied the applicable law with "its natural and fundamental meaning," and answer that question affirmatively for appellee. See State, ex rel. Burgstaller v. Franklin County Board of Elections, 149 Oh St 193.

Apparently the determination of the board is final as to whether plaintiff had complied fully with the applicable law. See State, ex rel. Lemert v. Board of Elections of Muskingum County, 149 Oh St 211.

Plaintiff was not entitled to notice and hearing. He was challenging the action of defendant board in rejecting his nomination paper for his failure to comply with §3517.11 R. C.

In the case of State, ex rel. McGinley v. Bliss, et al, Board of Elections of Summit County, 149 Oh St 329, the supreme court held that a hearing and notice were not necessary unless the protest was against plaintiff's candidacy.

In the absence of fraud or bad faith, the courts may not override a finding of a board of elections, having jurisdiction of the subject matter, to the effect that a declaration of candidacy and petition of a candidate for nomination to a public office is valid, where no protest against such declaration and petition was filed with such board within the time required by statute. See **Pierce v. Brushart, et al, Board of Elections of Scioto County, 153 Oh St 372.**

In the absence of the specific claim that the board of elections has been guilty of fraud or bad faith an elector who desires to challenge the candidacy of a person for the nomination of his party must avail himself of his statutory remedies before the board of elections instead of resorting in the first instance to a court. See **Marlin v. Board of Elections, 68 Abs 539.**

Writ denied properly by the trial judge, and his judgment is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.

By NICHOLS, PJ.

Without concurring in the foregoing opinion I concur in the judgment since I find no mandatory duty imposed upon the Board of Elections to comply with the prayer of plaintiff's petition. Hence mandamus does not lie.