THE STATE, EX REL. CLINE, *v.* HENDERSON ET AL., BOARD OF
ELECTIONS OF MAHONING COUNTY.

(No. 39822—Decided October 5, 1965.)

*Messrs. Manchester, Bennett, Powers & Ullman, Mr. James
E. Bennett, Jr.,* and *Mr. W. Stephen Meloy,* for relator.

*Mr. Clyde W. Osborne,* prosecuting attorney, and *Mr. Loren
E. Van Brocklin,* for respondents.

*Per Curiam.* The facts are undisputed. Relator filed with
the board of elections a nominating petition consisting of six
part-petition papers, each of which contained a declaration of
candidacy and an affidavit supporting it.

The dates entered in the jurats of the notary public accom-
panying the affidavits executed by the candidate in connection
with his statement of candidacy are July 22 on three part-peti-
tion papers, July 20 on one, July 21 on one and July 23 on one.

The board found that the three part-petition papers in
which the date July 22, 1965, had been inserted in the jurats of
the notary public were valid but that these part-petition papers
did not contain a sufficient total number of signatures to qualify
the relator as a candidate for the office. The board found that

the remaining three part-petition papers were invalid because of the variance in the dates appearing in the notary's jurats.

The undisputed evidence at a hearing before the board was that relator *signed* all six statements of candidacy and all six affidavits attached thereto on June 16, 1965, before the notary. However, the notary being busy he did not immediately execute the jurats.

As the relator needed part-petition papers to circulate, he came to the notary's office on various dates to secure them, at which times the notary prepared the jurat of each part-petition paper. Instead of dating each jurat as of the date of its execution the notary inserted in the jurat, by mistake or inadvertence, the date upon which he delivered the part-petition papers to the relator.

The respondents concede that the relator complied with all other requirements of the election laws.

The only question presented to this court is whether the entering by a notary public (through mistake or inadvertence) of a date in a jurat different from the date upon which such notary actually administered the oath is a matter of such substance and materiality as to invalidate the entire nominating petition and result in the disqualification of the candidate named in that part-petition paper from becoming a candidate for the office which he seeks.

The respondents grounded their action on Section 3513.261, Revised Code, which provides in the pertinent part as follows:

"A nominating petition may consist of one or more separate petition papers, each of which shall be *substantially* in the form prescribed in this section. If the petition consists of more than one separate petition paper, the statement of candidacy of the candidate named need be signed by the candidate and his affidavit thereto need be subscribed by him and executed on only one of such separate petition papers, but the statement of candidacy so signed, subscribed, and executed shall be copied on each other separate petition paper before the signatures of electors are placed thereon. * * *" (Emphasis added.)

The respondents rely upon the case of *State, ex rel. Ferguson,* v. *Brown, Secy. of State,* 173 Ohio St. 317, as controlling in this case.

In the *Ferguson case* one petition paper was rejected by this

court on the ground that the political affiliation of the circulator was not stated in the circulator's affidavit. (This involved a party primary election.) A second petition was rejected by this court for the reason that relator's declaration of candidacy was not the same as the declaration of candidacy appearing on other part-petition papers in that the name and signature of the notary administering the oath to the relator was omitted. The third part-petition paper was rejected because, when compared to the other part-petition papers filed, it was apparent that the affidavit in this part-petition paper was signed by the candidate on a different date and the oath thereon was administered by a different notary public.

It is clear that the material differences occurring in these part-petition papers which were rejected in the *Ferguson case* are of greater substance than the admitted technicality which is raised in the instant case.

The court, in the *Ferguson case*, said, at page 320:

"* * * the signers of the nominating petition papers have a right to be uniformly advised as to what the candidate has declared concerning his candidacy under oath."

In the instant case, the statement of candidacy which appeared on each part-petition paper, under oath, was uniform. The only deviation that appears in the part-petition papers is a variance in the dates inserted, by mistake or inadvertence, in the notary's jurats.

The applicable rule of law in this case is stated in *State, ex rel. Schwarz,* v. *Hamilton County Board of Elections* (1962), 173 Ohio St. 321.

In that case, the circulator, in his affidavit, swore that there were 27 signatures on one part-petition, when actually there were 28 appearing thereon. At a hearing it was explained to the board by the circulator that one signature was from a person who was a nonresident of the county and, therefore, his signature could not be counted. Thus, there were only 27 valid signatures.

The board, after hearing, rejected that petition. This court held that such a ruling was too technical, unreasonable and arbitrary and an abuse of discretion upon the facts which the board had in its possession.

In *State, ex rel. Hanna,* v. *Milburn et al., Lake County Board of Elections* (1959), 170 Ohio St. 9, this court had before it an issue very similar to that presented in the instant case. The court stated that issue, at page 12, as follows:

"The second issue presented in this case is whether the candidates so erred when they designated the terms for which they were running as beginning on January 1, when in fact under the charter provisions such terms began on January 2, that they thereby invalidated their petitions."

After discussing this issue, the court, in a *per curiam* opinion, decided this question unanimously in the following language:

"* * * a slight error in the insertion of the date which does not mislead the signers of the petition does not invalidate the petition."

There is only one statement of candidacy required to be made by a person who aspires to be a candidate for public office and this statement of candidacy need be supported by only one affidavit executed before a notary public. All other part-petition papers are valid if a copy of this original statement of candidacy and affidavit are included in each part-petition paper.

In the instant case, the only variance from the original was in the dates in the jurats of the notary public. This would not mislead anyone signing the petition. To disqualify a candidate from seeking public office on such a minor technicality, which could easily occur by mistake or inadvertence, would serve no public purpose.

The demurrer to the petition is overruled and a writ of mandamus is issued ordering the board of elections to place relator's name on the ballot.

*Writ allowed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.