THE STATE, EX REL. SMITH, APPELLEE, *v.* JOHNSON ET AL.,
MEMBERS OF BOARD OF ELECTIONS OF MAHONING COUNTY,
APPELLANTS.

[Cite as State, ex rel. Smith, v. Johnson, 12 Ohio App. 2d 87.]

(No. 4770—Decided October 19, 1967.)

*Mr. Lawrence J. Damore,* for appellee.

*Mr. Frank P. Anzellotti,* prosecuting attorney, and *Mr. William G. Houser,* for appellants.

LYNCH, J. This case concerns the validity of the nominating petitions of William B. Boyer for the office of Township Clerk of Austintown Township. The Mahoning County Board of Elections found that Mr. Boyer had a sufficient number of signatures to qualify as a candidate.

As a result of a combined mandamus and injuction action filed by relator, appellee herein, the Common Pleas Court ordered the Mahoning County Board of Elections to remove the name of William B. Boyer as a candidate in the general election to be held November 7, 1967. Respondents, appellants herein, are appealing that decision.

Relator filed a protest with the Mahoning County Board of Elections challenging the validity of Mr. Boyer's nominating petitions on the basis that the jurats at the end of Mr. Boyer's "Statement of Candidacy" were not properly notarized because of the following facts: On three of the four nominating petitions the date of the jurat, which was July 17, 1967, was in blue ink while the signatures of William B. Boyer and the notary were in black ink. On the fourth nominating petition the date of the jurat had July 26, 1967, written in black ink, and the figure "17" was written in blue ink over the "26."

The evidence showed that the nominating petitions were signed by the notary public on July 26, 1967. The notary public only filled in the date on one petition. Mr. Boyer did not notice this until the day he was going to file his petitions. He first noticed the petitions without a date. He did not remember the date,

and he inserted July 17, 1967, which was the date that he had typed his petitions. After filling in the dates on the three petitions, he came across the petition with the date of July 26, 1967, written on it and changed the date on the fourth petition to conform to the other petitions.

The Mahoning County Board of Elections, after a hearing on the protest, unanimously voted to certify the name of William B. Boyer as a candidate.

The trial court found no evidence of fraud in the instant case and found no abuse of discretion on the part of the Mahoning County Board of Elections. However, the trial court did not state how the above facts as to the dates on the jurats affected the validity of these nominating petitions. We hold that these facts as to the dates on the jurats did not affect the validity of these nominating petitions. *State, ex rel. Cline,* v. *Henderson,* 4 Ohio St. 2d 7; *State, ex rel. Donofrio,* v. *Henderson,* 4 Ohio App. 2d 183.

At the trial before the Common Pleas Court the testimony revealed that, at the time of the execution of the jurats at the end of Mr. Boyer's ''Statement of Candidacy,'' the notary public did not administer an oath to Mr. Boyer. The trial court held that the failure of the notary public to administer the oath rendered the statement of candidacy of Mr. Boyer void.

The testimony revealed that Mr. Boyer went to Michael E. Bokesch, a notary public, and asked him to notarize his statement of candidacy. Mr. Boyer signed the jurat in front of Mr. Bokesch, and Mr. Bokesch notarized it; however, Mr. Bokesch did not administer an oath to Mr. Boyer. The jurat is in the form prescribed by Section 3513.261, Revised Code, and contains the statements: ''William B. Boyer, being duly sworn * * * '', and ''Subscribed and sworn to before me * * *'' above the signature of the notary public.

Section 3513.261, Revised Code, provides in part as follows:

''Each nominating petition shall contain a statement of candidacy which shall be subscribed and sworn to by the candidate named therein. * * * ''

A statute requiring a candidate, who files a declaration of candidacy, to subscribe, swear to and acknowledge the same is mandatory, and a declaration of candidacy for a petition of a candidate, which is not subscribed and sworn to or affirmed, as

required by statute, is void. *Koehler v. Board of Elections*, 125 Ohio St. 251.

In *Koehler v. Board of Elections*, 125 Ohio St. 251, the petitions contained a certification of a notary public attached to the declaration of candidacy; however, the evidence revealed that none of the candidates subscribed their names before the notary public whose certification was attached to the declaration of candidacy. After the filing date the candidates appeared before the notary public and acknowledged their signatures, but the Supreme Court held that this did not cure the defect.

In the instant case, Mr. Boyer properly subscribed his name before a notary public, and the issue is whether the petition was properly "sworn to."

The only Ohio case that is pertinent to this issue that has come to our attention is *Cincinnati Finance Co.* v. *First Discount Corp.*, 59 Ohio App. 131 (motion to certify overruled June 22, 1938), whose first paragraph of the syllabus is as follows:

"1. Where a person, for the purpose of taking an oath to the affidavit of a chattel mortgage, appears before a notary public and knowingly signs a written statement of an oath, the law is complied with although no oral oath is administered."

See *In re Bennett*, 338 F. 2d 479; 51 A. L. R. 840.

2 Corpus Juris Secundum 959, Affidavits, Section 20 b(2) (a) states, in part, as follows:

" * * * Oaths to affidavits ordinarily are not required to be administered with any particular ceremony, but affiant must perform some corporal act before the officer whereby he consciously takes upon himself the obligation of an oath; but it is not essential that he raise his hand. * * * "

In the instant case, Mr. Boyer did everything required by law to become a candidate. He went to a notary public to have his "Statement of Candidacy" notarized, but the notary public was busy and did not administer an oath when he notarized Mr. Boyer's "Statement of Candidacy." We find that there is an inference from the evidence that Mr. Boyer intended to take upon himself the obligation of an oath when he went to a notary public, asked the notary public to notarize his "Statement of Candidacy" and then signed the jurat in the presence of the notary public.

A notary public is a public officer. 41 Ohio Jurisprudence

2d 3, Notaries and Commissioners, Section 3. A public officer is bound to perform the duties of his office faithfully, to use reasonable skill and diligence, and to act primarily for the benefit of the public. The public has the right to expect a public officer to exercise ordinary care and prudence in the trust committed to him. 44 Ohio Jurisprudence 2d 554, Public Officers, Section 67.

It is well established in Ohio that where a person has done everything which the law requires him to do the law will not permit a diligent person to be deprived of a legal right because of a ministerial nonfeasance of a public officer. *Cincinnati Traction Co.* v. *Ruthman,* 85 Ohio St. 62; *Porter* v. *Rohrer,* 95 Ohio St. 90, at 92.

There is also the general rule that the law favors free and competitive elections. *State, ex rel. Hanna,* v. *Milburn,* 170 Ohio St. 9, at page 12.

We hold that under the circumstances of this case the jurats of the statements of candidacy of William B. Boyer comply with Section 3513.261, Revised Code.

Because of the short interval of time remaining before election day, this case had the problem that is common in election cases of being rushed in its presentation to the Common Pleas Court and to this court, and the shortness of time necessarily restricts the extent to which various issues can be explored. An issue that was not raised on this appeal is that the person most vitally affected by this lawsuit, namely, William B. Boyer, was not a party to this lawsuit. The Common Pleas Court decided this case on the basis of facts that were not presented to the Mahoning County Board of Elections and were not alleged in the petition filed in this case. There apparently is no specific requirement to make a candidate whose petitions are being challenged a party defendant in a mandamus or injunction action; therefore, if this procedure is followed, a candidate's petitions can be challenged in court by anyone for whatever motives, good or bad, without the necessity of even notifying the candidate that this is being done.

Section 2505.21, Revised Code, permits this court to consider and decide errors which are not assigned or specified. We feel that the procedure followed in this case was defective, and at this time we will examine this procedure.

In our opinion, the petition in this case did not state a cause of action for either mandamus or injunction, and it would have been subject to a demurrer. The petition was defective because it did not allege fraud or bad faith on the part of the board of elections. The petition did allege that the action of the board of elections was an abuse of discretion and a clear disregard of legal principles applicable thereto, because Mr. Boyer's statement of candidacy was improperly notarized; but it did not specifically say why they were improperly notarized. The defect on which this case was decided is not apparent on the face of the petitions and was not even called to the attention of the board of elections. Section 3513.262, Revised Code; *State, ex rel. Flynn,* v. *Board of Elections,* 164 Ohio St. 193; *Marlin v. Board of Elections,* 68 Ohio Law Abs. 539 (motion to certify overruled, June 30, 1954).

In our opinion the right of relator in this case to either mandamus or an injunction falls far short of being clear enough to entitle him to such relief. Furthermore, relator has an adequate remedy at law, namely, an appeal from the board of elections under Chapter 2506, Revised Code.

It is our further opinion that a person who files a protest to the board of elections, which protest is overruled by the board of elections, can file such an appeal. If such an appeal is filed it is our opinion that the candidate whose petitions are being challenged is a necessary party to such an appeal and must be joined as a party defendant.

*Judgment reversed* and *final judgment for appellants.*

O'NEILL, J., concurs.

JONES, P.J., concurring in judgment. There was neither evidence of fraud nor abuse of discretion on the part of the Mahoning County Board of Elections (*State, ex rel. Waltz,* v. *Michell,* 124 Ohio St. 161), nor was the finding of the board the result of flagrant misinterpretation of a statute or legal principles applicable thereto. (*State, ex rel. Hanna,* v. *Milburn,* 170 Ohio St. 9; *Sullivan v. State, ex rel. O'Connor,* 125 Ohio St. 387, 392.)

Accordingly, I concur in paragraphs one, two and three of the syllabus. Paragraph four of the syllabus and the dictum set out in the opinion, commencing with paragraph four on page 91 are unnecessary in the decision of this case, and, therefore, I withhold comment upon them.