By this original action in mandamus, relator, Bill Moss, seeks a writ ordering the respondent Franklin County Board of Elections (Board) to validate his nominating petition and to place him on the ballot as an independent candidate for State Representative for the 31st House District in the 1980 general election.
In accordance with the rules of this court, an election matter being involved, the matter has been expedited, and the parties have stipulated the evidence.
At the outset, there are two preliminary matters that must be disposed of. The first is a motion by relator to dismiss the Secretary of State as a party, even though the relator is the one who originally joined the Secretary of State as a party. The Secretary of State, in opposing the motion, relies upon R. C.3501.05, which gives the Secretary of State the right to be a party in any action which may affect the lawful duties of any board of election. Since the Secretary of State wishes to be a party hereto, relator's motion to dismiss him as a party is not well taken.
The second issue is raised by the Secretary of State in his brief upon the merits. He contends that this court should not exercise jurisdiction in mandamus because relator has an adequate remedy at law by way of appeal pursuant to R. C. Chapter 2506, relying upon State, ex rel. Smith, v. Johnson (1967), 12 Ohio App.2d 87. While there is a statement to that effect inSmith, supra, at page 92, the concurring judge (Judge Jones) points out that the statement was unnecessary to the decision. In any event, the statement in Smith is not binding upon this court and is, we believe, incorrect because the court inSmith did not consider certain pertinent matters determinative of the issue.
First, R. C. 3513.262, providing for a written protest *Page 117 
against nominating petitions to be determined by the board of elections, expressly provides, in the last sentence, that "* * * [s]uch determination shall be final." This evinces a legislative intent that the determination of a board of elections with respect to a protest against a nominating petition is not appealable.
R. C. 2506.01 provides for an appeal to the Court of Common Pleas from every final order or adjudication of any officer, board or commission "* * * of any political subdivision of the state * * *." As held in State, ex rel. Columbus Blank Book Mfg.Co., v. Ayres (1943), 142 Ohio St. 216, a board of elections is not a political subdivision, and its members are not county officers; the second paragraph of the syllabus of the Ayres'
case states:
"Members of the boards of elections act under the direct control of and are answerable only to the Secretary of State in his capacity as the chief election officer of the state. They perform no county functions and are not county officers."
Although the statutes involved have been amended, present R. C. 3501.06 provides, in language which is essentially similar to that involved in the Ayres' case, that "[t]here shall be in each county of the state a board of elections * * * who shall be appointed by the secretary of state, as his representatives * * *." In addition, present R. C. 3501.11 provides that, in the case of a tie vote or disagreement in a board of elections, the matter shall be submitted to the Secretary of State who shall decide the question. Accordingly, we find that the action of the respondent Board is not appealable pursuant to R. C. Chapter 2506 and that relator has no adequate remedy by way of appeal.
The determination of the respondent Board was prompted by a protest filed by an elector, contending that relator is prohibited from being an independent candidate for state representative by virtue of R. C. 3513.04 in that he was elected at the 1980 primary election as a member of the Franklin County Democratic Central Committee. The respondent Board unanimously invalidated relator's nominating petition for state representative because of R. C. 3513.04.
The stipulated facts indicate that, on the same day, March 20, 1980, relator "filed a Declaration of Candidacy Party Primary petition, seeking to be elected to the Franklin *Page 118 
[County] Democratic Central Committee and Nominating petitions for State Representative with respondent Franklin County Board of Elections." It is further stipulated that: "Relator did not seek the Democratic nomination for any office in the June Primary, except the office of member of the Franklin County Democratic Central Committee for which Relator filed a Declaration." Although not specifically set forth in the stipulations, apparently, relator was in fact elected at the June primary as a member of the Franklin County Democratic Central Committee.
The basic issue is whether relator is precluded from being an independent candidate for state representative by virtue of R. C. 3513.04, which reads in pertinent part as follows:
"No person who seeks party nomination for an office or position at a primary election by declaration of candidacy shall be permitted to become a candidate at the following general election for any office by nominating petition * * *." (Emphasis added.)
It is clear that R. C. 3513.04 precludes from being a candidate for an office by nominating petition only those persons who sought party nomination for an office at the primary election by declaration of candidacy. The statute makes a clear distinction between seeking party nomination and seekingelection as member of a party controlling committee. The first paragraph of R. C. 3513.04 provides, in part, that:
"Candidates for party nominations to * * * offices or positions, for which party nominations are provided by law, and for election as members of party controlling committees shall have their names printed on the official primary ballot by filing a declaration of candidacy * * *." (Emphasis added.)
The same distinction is made in R. C. 3501.01(E), which defines a primary election as one held on the first Tuesday after the first Monday in June of each year "* * * for the purpose ofnominating persons as candidates of political parties for election to offices, and for the purpose of electing persons as members of the controlling committees of political parties * * *." (Emphasis added.) Thus, in general, a primary election is conducted for two purposes: (1) nominating persons to be candidates of political parties in the ensuing general election; and (2) electing members of the controlling committees of political parties. Clearly, one "who seeks party nomination" *Page 119 
(R. C. 3513.04) at a primary election seeks to become a candidate of a political party at the ensuing general election with hopes of being elected to office at that election. On the other hand, a person who is a candidate at a primary for election to a party controlling committee is elected to that office at the primary. This distinction is further made by R. C. 3513.22, which provides, in part, that:
"Election officials, who are required to declare the results of primary elections, shall issue to each person declared nominated for or elected to an office, an appropriate certificate of nomination or election * * *."
More specifically, R. C. 3513.24 provides that, with respect to members of party committees elected at a primary election, "* * * [t]he election authorities shall issue and deliver to each person who is elected a certificate of his election. * * *" Similarly, R. C. 3513.05, with respect to declarations of candidacy, provides that "[e]ach person desiring to become a candidate for a party nomination or for election to an office or position to be voted for at a primary election * * * shall * * * file a declaration of candidacy * * *." The General Assembly has repeatedly made a clear distinction between nomination for election to an office and the actual election to that office. R. C. 3513.04 precludes from becoming a candidate at a general election only a person "* * * who seeks party nomination for an office * * * at a primary election * * *." The failure to include additional words such as "or election to office at a primary election" must be deemed to be intentional, inasmuch as the first paragraph of the same section, as noted above, makes clear the distinction between seeking nomination and seeking election to office at a primary election. If for no other reason, application of the doctrine of expressio unius estexclusio alterius mandates the conclusion that the General Assembly intentionally limited the disqualification to those "who seek party nomination" and did not intend to include those who seek election to office at a primary election.
Although not determinative, relator's contention that a member of the central committee of a political party does not hold a public office is without merit, the Supreme Court having expressly held to the contrary in State, ex rel. Hayes, v.Jennings (1962), 173 Ohio St. 370. Relator's reliance upon *Page 120 
R. C. 3517.01(B)(3) and (9) is misplaced since the exceptions excluding candidates for election as officers of a political party from the definition of "candidate" and excluding officers of a political party from the meaning of "public office" apply only with respect to certain specified statutes, namely, R. C.3517.08 to 3517.15 and R. C. 3517.99. Furthermore, Section 4, Article II, of the Ohio Constitution, which prohibits members of the General Assembly from holding any public office, provides that "* * * this provision does not extend to officers of a political party, * * *" apparently recognizing that, otherwise, the provision precluding members of the General Assembly from holding any public office would prevent them from being officers of a political party.
Accordingly, we conclude that relator is not precluded by R. C. 3513.04 from being an independent candidate for the office of state representative since he did not seek party nomination for any office at the primary election but instead only soughtelection as a member of the Franklin County Democratic Central Committee
Relator further contends that two members of the respondent Board were disqualified by virtue of remarks they made prior to the filing of the protest. It is stipulated that respondent Jones, Chairman of the Franklin County Democratic Executive Committee, on or about June 13, 1980, stated that relator's candidacy was prohibited by law, and that respondent Casey, Executive Director of the Franklin County Republican Party, similarly expressed an opinion concerning relator's candidacy. It is further stipulated that, on or about July 23, 1980, respondent Jones was quoted in a newspaper as being "pretty emphatic" by a statement "saying he is a democrat one minute and then an independent the next." We find no basis for disqualification of either of these members of the respondent Board. While, in his position as a party officer, respondent Jones expressed certain feelings, there is no indication whatsoever that he did not proceed impartially and in good faith in determining the protest against relator's candidacy.
There has been some indication, especially in the amicuscuriae brief submitted by the person who filed the protest, that relator is somehow precluded from being an independent candidate by virtue of his holding the office of member of the Franklin County Democratic Central Committee. It is true *Page 121 
that, in State, ex rel. Bigelow, v. Butterfield (1936), 132 Ohio St. 5, the Supreme Court stated, at page 7, that "* * * the term `independent' is inconsistent with the status of party affiliation." However, the foregoing was preceded by the following statement: "* * * We are of [the] opinion that the statutes do not contemplate permitting a candidate to assume the dual role of both a party and an independent nominee on the same ballot * * *." Id. In that case, certain persons sought to be candidates for the same office at the same election, both as party candidates and as independent (Union party) candidates. Likewise, it is true that, in Foster v. Bd. of Elections (1977),53 Ohio App.2d 213, at page 232, it is stated that:
"* * * There is a strong suggestion that a loser in a party primary is not an independent in terms of political philosophy; party allegiance was demonstrated by candidacy in the primary election. The independent candidacy in the general election of a defeated party primary candidate is suggestive of intraparty feuding. * * *"
Neither of these cases held that a member or officer of a political party cannot become an independent candidate. Rather, each case related to a specific instance, with Foster being concerned with application of R. C. 3513.04 with respect to a write-in candidate who had unsuccessfully sought party nomination for another office at the preceding primary election.
There is no statutory prohibition against an officer of a political party seeking election for an office by filing nominating petitions as an independent candidate. While this may be inconsistent with the general philosophy of being "independent," there is no statutory prohibition. None of the respondents directly contend that being an officer of a political party prohibits a person from being an independent candidate for office, although the respondent Secretary of State, in his brief, states that "a member of a central committee of a political party can hardly claim to be a truly independent candidate." Even assuming this to be true, the issue is whether a member of a party central committee is precluded by law from being an independent candidate for elective office. There is no statutory prohibition. In addition, respondent Secretary of State, in his supplemental brief, refers to certain campaign literature used by relator identifying himself as a Democrat. *Page 122 
No evidence in this regard has been directly submitted; but, in any event, this is more a matter of propriety of campaign methods, than a matter of qualification as an independent candidate.
Under Ohio law, "independent candidate" does not mean that one is not a member of a political party. Rather, it merely means that the person is seeking election to an office as an independent candidate, rather than pursuant to party nomination at the primary election. While the law of some states provides otherwise, under Ohio Law, any person, regardless of his political affiliation, may become an independent candidate for election to office if he timely files the requisite nominating petition, with the exception of a person who sought partynomination as a candidate for office at the preceding primary election.
Respondent Secretary of State further contends that this court is precluded from substituting its judgment as to the applicable law for that of the respondent Board, by virtue ofState, ex rel. Hanna, v. Milburn (1959), 170 Ohio St. 9, andState, ex rel. Senn, v. Bd. of Elections (1977), 51 Ohio St.2d 173. It is true that in Hanna, supra, at page 11, the Supreme Court indicated that a court should not set aside a decision of a board of elections merely because the court disagrees with that decision. However, in that case the Supreme Court went on to state that one of the issues is whether the decision of the board of elections is in "* * * clear disregard of legal provisions applicable thereto. * * *" Id. Similarly, in Senn,supra, at page 175, the Supreme Court stated:
"The decision of the board on these matters is final and, in the absence of allegations of fraud, corruption, abuse of discretion, or a clear disregard of statutes or applicable legal provisions, is not subject to judicial review. * * *"
The Board of Elections predicated its decision solely upon the application of R. C. 3513.04. We find that such decision is contrary to the clear provisions of that section. There are no disputed factual matters to be determined; further, the case does not require the respondent Board to exercise discretion in determining what action to take. Rather, the sole issue is one of law, as to whether a person who seeks election as a member of a party central committee at a primary election falls within the purview of the following words: "* * * seeks party *Page 123 
nomination for an office or position at a primary election * * *" (R. C. 3513.04).
The General Assembly, as noted above, has repeatedly made a distinction between seeking party nomination for an office and seeking election to an office. This court finds that one who seeks election to the office of member of a party central committee at a primary election does not seek "* * * party nomination for an office or position at a primary election * * *" within the meaning of those words as used in R. C. 3513.04. The distinction between seeking nomination and seeking election is clear as evinced by the many instances in which the General Assembly has made such distinction, including that in the first paragraph of R. C. 3513.04.
For this court to adopt the position urged by respondents would constitute judicial amendment of the last paragraph of R. C. 3513.04 to include the following words: "or who seeks election to an office or position at a primary election." If such addition is to be made to the statute, it must be made by the General Assembly, not by the courts or a board of elections.
Clearly, R. C. 3513.04 does not preclude relator from being an independent candidate at the general election for the office of State Representative for the 31st House District because he sought election to the Franklin County Democratic Central Committee at the primary election.
For the foregoing reasons, relator's motion to dismiss respondent Secretary of State as a party is overruled, and the requested writ of mandamus is allowed. A writ will issue ordering respondent Franklin County Board of Elections to place relator upon the ballot at the November general election as a candidate for the office of State Representative for the 31st House District.
Writ allowed.
REILLY and COOK, JJ., concur.
COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District. *Page 124