By the Court.
 

 Relators, who are regular nominees on the Democratic ticket at the primaries under the provisions of Section 4785-69, General Code, claim the right to be nominated again under Section 4785-91, General Code, as a group of candidates with a separate party designation, and thereby have their names appear not only in the Democratic party column on the ballot, but also in a separate column. "We concur in the reasoning by Jones, J., in
 
 State, ex rel. Patterson,
 
 v.
 
 Schirmer et al., Board of Elections,
 
 129 Ohio St., 143, 194 N. E., 13.
 

 Statutes relating to elections should be construed
 
 in pari materia.
 
 The General Assembly, by Section 4785-3, paragraphs h and i, provided, first, for nominations of candidates by a political party, and, second, for independent nominations by an independent body or group of electors. By this section candidates are either party candidates or those who are nominated independently of party.
 

 A party candidate is required by Section 4785-71, General Code, to declare his intention to vote for a majority of the candidates of his party and to support and abide by its principles, which declaration removes a candidate from the status of being independent.
 

 Section 4785-94, General Code, provides that vacancies in party nominations shall be filled by the party executive committee, and vacancies on a ballot presenting candidates who were nominated by petition shall be filled by a committee of five representing the candidates. If the construction contended for by relators were to be sustained and a vacancy were to occur in an office sought by relators, confusion might result as to which committee would be entitled to fill such vacancy.
 

 
 *7
 
 Section 4785-91, General Code, provides “Nominations of candidates for office',
 
 in addition to
 
 the nominations made at party primaries, may be made by petitions * * This language contemplates additional nominations and not cumulative nominations. Had the Legislature intended to permit the same individual to be nominated by both primary and petition, such result could have been accomplished by the omission of the words “in addition to the nominations made at party primaries.”
 

 We are of the opinion that the comprehensive system for elections provided by the statutes affords an opportunity to the electors who are dissatisfied with the party nominations to nominate independent candidates, or to permit independent voters to exercise their privilege of voting for a satisfactory party nominee. We are of opinion that the statutes do not contemplate permitting a candidate to assume the dual role of both a party and an independent nominee on the same ballot, as the term “independent” is inconsistent with the status of party affiliation.
 

 For the foregoing reasons the demurrer to the answer is overruled, and, relators not desiring to plead further, a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.