48

(No. 876394—Decided October 10, 1969.)

Common Pleas Court of Cuyahoga County.

*Messrs. Payne & Payne,* for plaintiff.
*Mr. Victor DeMarco,* for defendants.

FRIEDMAN, J.   Plaintiff filed his petition entitled "Petition for Injunction and Damages and Other Equitable Relief with a motion for temporary injunction and brief in support attached," as against the defendant Albert S. Porter, Chairman, Cuyahoga County Democratic Executive Committee, Francis R. Wenz, Chairman, Parma Area Democratic Precinct Committeemen Endorsement Committee, George P. Allen and John Doe, any member of the Democratic party organization.

In the petition as filed by the plaintiff, it is alleged and undisputed that the Board of Elections of Cuyahoga County has certified him as the duly nominated Democratic party candidate for the office of Judge of the Parma Municipal Court for the full term ending December 31, 1975.

That contrary to the laws of this state, it is alleged the defendants in their individual and representative capacities seek to establish the defendant George Allen as the Democratic party candidate for said office.

It is further alleged in said petition that the defendants' actions and future actions, up to the election date of November 4, 1969, are deliberately contrived to deprive plaintiff of his lawful right to campaign as the true and only Democratic party candidate for the office of Judge of the Parma Municipal Court, and therefore seeks damages in the sum of $138,000.

In the motion for temporary injunction, the plaintiff seeks from this court a temporary order restraining said defendants from taking any action capable of making it appear that the defendant George Allen is the Democratic party candidate for the office of Judge of the Parma Municipal Court until a full hearing on the merits of the petition, as aforestated, has been held.

The parties appeared before this court and stipulated as to the following facts:

That Stephen A. Zona, now deceased, and the plaintiff Wallace A. Jenkins appeared as the sole candidates for nomination for the office of Judge of the Parma Municipal Court in the Democratic primary held on May 6, 1969; that prior to the primary election, the plaintiff Jenkins and the decedent Stephen A. Zona appeared before the Democratic party city and ward leaders of all municipalities within the territorial jurisdiction of the Parma Municipal Court as well as the Democratic precinct committeemen of said municipalities in an effort to obtain their recommendation for endorsement of their nomination as a candidate for Judge of the Parma Municipal Court in the Democratic party primary election by the executive committee of the Cuyahoga County Democratic Party. The executive committee of Cuyahoga County Democratic Party endorsed the primary candidacy of Stephen A. Zona for this office.

Furthermore it is stipulated that prior to the date of the primary the Supreme Court of Ohio ruled that the said Stephen A. Zona was ineligible for re-election as Judge

of the Parma Municipal Court. However, due to the lateness of this ruling his name continued to appear on the Democratic Primary ballot. No other recommendation was made by the Executive Committee of the Cuyahoga County Democratic Party with respect to the Primary Election when Stephen A. Zona was ruled ineligible as a candidate for this office.

There being no other candidates for nomination in the Democratic Primary there was therefore no contest for such nomination.

Defendant George P. Allen filed a nominating petition as an independent candidate for election to the office of Judge of the Parma Municipal Court as provided for under Section 1901.07, Revised Code. This petition was duly filed, accepted and approved by the Board of Elections of Cuyahoga County and the defendant Allen was notified by the Board of Elections that his name would appear on the non-partisan judicial ballot for the office of Judge of the Parma Municipal Court in the General election scheduled for November 4, 1969.

George Spanagel, Republican, was the sole candidate for nomination for the office of Judge of the Parma Municipal Court on the Republican Primary ballot.

Subsequent to the aforesaid primary election, the Board of Elections certified the plaintiff as the Democratic Party candidate for the office of Judge of the Parma Municipal Court.

The only candidates whose names will appear on the ballot for election as Judge of the Parma Municipal Court at the general election to be held on November 4, 1969, will be Wallace A. Jenkins, George P. Allen and George Spanagel.

The ballot for election to this position is a non-partisan ballot in that it will not reflect any political affiliation of any of the candidates nor the manner in which they were nominated, all in accordance as provided for in Section 3505.04, Revised Code, as it relates to non-partisan ballots.

Subsequent to the aforesaid primary election, and upon the recommendation of the city and ward leaders and pre-

cinct committeemen residing and serving within the territorial jurisdiction of the Parma Municipal Court, said recommendation having been made after appearances of the plaintiff Jenkins and defendant Allen before the said group, the Executive Committee of the Democratic Party of Cuyahoga County endorsed the candidacy of George P. Allen for the office of Judge of the Parma Municipal Court.

It is also stipulated that the Executive Committee of the Democratic Party of Cuyahoga County in respect to this endorsement acted in accordance with and pursuant to its rules and regulations.

It is also stipulated between the parties that plaintiff Jenkins and the defendant Allen are and have been lifelong registered members of the Democratic Party, and that the defendant Allen has been a member of the Executive Committee of the Democratic Party of Cuyahoga County for many years.

The stipulation of the parties also contains various exhibits as to campaign literature with relation to the defendant George P. Allen, which literature contains the following "endorsed Democrat."

Plaintiff as stated seeks to have this court issue a temporary restraining order to prevent defendants from doing acts which would make it appear that George Allen is the Democratic candidate for Municipal Judge in Parma.

In support of his motion for temporary restraining order, plaintiff cites Section 3501.01 (E), Revised Code, which defines a primary as an election held for the purpose of nominating persons as candidates of political parties for election to office. Section 1901.07, Revised Code, provides for the petition method under which section the defendant George Allen qualifies as an independent candidate for said office.

In support of plaintiff's position, the case of *State, ex rel. Bigelow,* v. *Butterfield* (1936), 132 Ohio St. 5, is cited by the plaintiff. In the *Bigelolw case* a candidate was prevented from appearing on a ballot as a member of the Democratic and Union Parties. This is not the situation as appears in the present case.

In order for plaintiff to prevail he must establish by the degree of proof required that he has a clear legal right to the relief that he is seeking and, furthermore, that the matter in dispute involves a legal issue and not one of political nature.

A preliminary injunction has been described by our courts as a drastic remedy in a far-reaching power never to be indulged except in a case clearly demanding it:

Section 2727.02, Revised Code, provides in part:

"A temporary order may be granted restraining an act when it appears by the petition that plaintiff is entitled to the relief demanded, and such relief, or any part of it, consists in restraining the commission or continuance of such act, the commission or continuance of which, during the litigation, would produce great or irreparable injury to the plaintiff, or when, during the litigation, it appears that the defendant is doing, threatens or is about to do, or is procuring or permitting to be done, such act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the final judgment ineffectual."

In the case of *Great Southern Fireproof Hotel Co.* v. *McClain*, 3 Ohio N. P. 247, it is stated that a temporary restraining order or preliminary injunction can only be granted when the plaintiff demonstrates a clear legal right to the relief requested.

Injunction is recognized as the most powerful judicial weapon—often called the strong arm of the law—no power is more dangerous in a doubtful case.

For these reasons courts must exercise judicious and careful discretion in relation to a request for temporary or permanent injunction. 29 Ohio Jurisprudence 2d, Injunctions, Section 15 p. 179; *Arthur Murray Dance Studios of Cleveland, Inc.,* v. *Witte*, 62 Ohio Law Abs. 17, 31.

The buren of proof of clear legal right and irreparable damage is on the one who seeks the injunction. Ohio Jurisprudence 2d, Section 178 p. 405.

As indicated by this court, the legislature has adopted two methods by which a person may seek nomination for the office of Municipal Judge of the city of Parma. One is by the primary method, where the individual is chosen as

a candidate of either the Democratic or Republican Party and the other is through the non-partisan petition where the person qualifies and he is designated as a candidate. In this instance the plaintiff chose to seek nomination through the Democratic Primary. The defendant George Allen chose the other method of certification through a non-partisan petition.

The facts furthermore disclose that under the laws with relation to this particular judicial office, in Parma and territories covered in that judicial office, that once a person is nominated for the general election to be held in November, he then runs on a non-partisan ballot with no designation either Democratic, Republican or Independent.

There is no statutory law and no prohibition of any kind which prevents a political party from endorsing any certified candidate for its choice in any election. Freedom of expression and freedom of endorsement is a constitutional right under the United States Constitution and the Constitution of the state of Ohio. A political party is expected to exercise its obligation and responsibility to scrutinize candidates running for office and determine which candidate or candidates it desires to support. That is their choice and there cannot be any interference from any source so long as their decision was properly exercised. It is admitted by the stipulation of the parties that the Democratic Party, in making its endorsement of candidate George Allen, did not violate any rules or regulations of the Democratic Organization.

This court wishes to point out that our courts have shown a general aversion to entering into purely political disputes as stated in the case of *McCurdy* v. *DeMaioribus* (1967), 9 Ohio App. 2d 280, from which opinion I hereby quote:

"It is the time-honored policy of the courts of Ohio and of the United States to refrain from interfering in the internal affairs of political parties, inasmuch as party tribunals, rather than courts of law, generally provide the proper forum in which internal disputes are to be resolved."

Therefore, in conclusion, this court finds plaintiff has

failed to establish the clear legal right which would cause irreparable damage to him as required by our courts and statutes to entitle him to seek a temporary injunction or restraining order.

In addition thereto, this court finds that the dispute in this particular matter is strictly a political and not a legal issue and as indicated by the decision aforestated, a court will not interfere in such a dispute. Therefore, the motion for temporary restraining order is hereby denied.

*Motion denied.*