DAYTON PRESS, INC., APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as Dayton Press, Inc. *v.* Limbach (1989), 42 Ohio St. 3d 101.]

(No. 88-186—Submitted February 22, 1989—Decided April 26, 1989.)

102

*Porter, Wright, Morris & Arthur* and *Ted B. Clevenger,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellant.

*Per Curiam.* All personal property located and used in business in Ohio is taxable unless expressly exempted. R.C. 5709.01(B). The value of all taxable personal property used in business must be listed as of December 31 of each year. R.C. 5711.03. R.C. 5701.08 defines "used in business" and "business":

"(A) Personal property is 'used' within the meaning of 'used in business' when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, when kept and maintained as a part of a plant capable of operation, whether actually in operation or not, or when stored or kept on hand as material, parts, products, or merchandise.* * *

"(B) 'Business' includes all enterprises, except agriculture, conducted for gain, profit, or income and extends to personal service occupations."

The commissioner, conceding that the equipment was not capable of operation, argues that Dayton Press held the equipment for sale and that this was an enterprise for gain. Thus, according to the commissioner, the

equipment was "used in business." Since we hold that the equipment is no longer used in Dayton Press's business of printing magazines, we disagree and affirm the BTA.

We have held that "[p]roperty is not 'used in business' within the meaning of R.C. 5701.08 when it is no longer held for any business purpose other than disposal." *Hatchadorian* v. *Lindley* (1986), 21 Ohio St. 3d 66, 69, 21 OBR 365, 367, 488 N.E. 2d 145, 147. In *Hatchadorian,* the property had been retired in place pending removal for junk value and was not capable of use in the taxpayer's business. The taxpayer there had no intention to use the property and was simply holding it for disposal.

Here, Dayton Press's only purpose in holding this equipment was disposal. Dayton Press earned its profit by transforming paper and ink into a magazine, a purely manufacturing enterprise. See R.C. 5711.16. Its business was not to liquidate its operation.

Since Dayton Press no longer used the equipment in its printing business and since it held the equipment for disposal, the equipment in question was not "used in business" and was not taxable. As this court declared in *National Distillers Products Corp.* v. *Peck* (1952), 158 Ohio St. 369, 373, 49 O.O. 243, 244-245, 109 N.E. 2d 493, 495, "* * * it would be a weird concept to declare that property was acquired or held as means or instruments for carrying on the business, or was kept and maintained as part of a plant capable of operation, when there was no business, no plant, and no capacity for operation."

Accordingly, the BTA's decision is reasonable and lawful and is, therefore, affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.