OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

United Telephone Company of Ohio, Appellant, v. Limbach, Tax Commr., Appellee.
[Cite as United Tel. Co. of Ohio v. Limbach (1994),      Ohio St.3d      .]
Taxation -- Tangible personal property owned by a public utility
     telephone company which is not "used in business" is not
     subject to personal property tax -- R.C. 5709.01 and
     former R.C. 5727.06, harmonized.
Tangible personal property owned by a public utility telephone
     company which is not "used in business" is not subject to
     personal property tax. (R.C. 5709.01 and former 5727.06,
     harmonized.)
     (No. 93-2428 -- Submitted November 16, 1994 -- Decided
December 23, 1994.)
     Appeal from the Board of Tax Appeals, Nos. 91-Z-197,
91-Z-198 and 91-Z-199.
     This matter is before the court on an appeal by United Telephone Company of Ohio ("United Telephone"), appellant, from a decision of the Board of Tax Appeals ("BTA"), appellee, affirming the disallowance by the Tax Commissioner of Ohio ("commissioner") of certain deductions taken by United Telephone on its personal property tax returns for the 1987, 1988, and 1989 tax years.
     United Telephone is a public utility that provides local and toll access telephone service to its business and residential customers in Ohio. The company maintains one hundred eighty-eight central offices, each of which contains a main distribution frame ("MDF"), which act as switching stations. Cables containing a number of insulated wire pairs or fibers are connected to the MDF at each central office. At the customer's end, fiber or wires inside the cables are connected to "drop lines" which go into residences or businesses. Each wire pair or two fibers make a two-way conversation possible.
     During the tax years at issue United Telephone used three

kinds of cable to provide service to its customers: copper wire cable, coaxial cable, and fiberoptic cable. United Telephone classifies its wire pairs or optical fibers inside its cables according to their current use. Two classifications of wire pairs or fibers are at issue in this case: "dead pairs" or "dead fiber" and "bad pairs" or "bad fiber." Dead pairs and dead fiber are not connected to either an MDF or a customer's drop line, and are included in cables to provide excess capacity for the company to provide service to future new customers. Bad pairs and bad fiber are wire pairs and fiber which have been damaged, have malfunctioned, or have simply worn out. In such an instance United Telephone switches service from that "bad pair" or "bad fiber" to an available operable pair or fiber within the same cable.

United Telephone deducted the value of both its dead and bad pairs or fiber on its 1987, 1988 and 1989 personal property tax returns as property not "used in business" and therefore not personal property subject to taxation. It claimed deductions in the amount of $62,434,757, $68,388,234 and $75,098,071 for the 1987, 1988, and 1989 tax years, respectively.

The Tax Commissioner disallowed United's claimed deductions for the value of the dead and bad pairs or fiber, affirmed the assessments, and issued Certificates of Determination for all three tax years. United Telephone appealed the commissioner's order in each case to the BTA. The BTA consolidated the appeals, and, after a hearing, affirmed the commissioner's orders. This matter is now before this court as an appeal as of right.

Jones, Day, Reavis & Pogue, Maryann B. Gall, Michael Dubetz, Jr., Jeffrey S. Sutton and George N. Nicholas; and W. Wayne Walston, for appellant.

Lee Fisher, Attorney General, and James C. Sauer, Assistant Attorney General, for appellee.

A. William Sweeney, J.     Both the commissioner and the BTA found, pursuant to R.C. 5727.06 as amended in 1982, that all of United Telephone's tangible personal property "owned and located in this state" was subject to personal property tax, including property not "used in business." The BTA held that amendments resulting from the enactment of Am.Sub.H.B. No. 201, effective December 31, 1982, removed any former requirement that a public utility's personal property must be "used in business" to be taxable. We reverse.

R.C. 5709.01 establishes the general principle that all personal property located and "used in business" in Ohio is taxable unless expressly exempted. The statute provides, in part, as follows:

"(B) Except as provided by division (C) of this section or otherwise expressly exempted from taxation:

"(1) All personal property located and used in business in this state, *** [is] subject to taxation regardless of the residence of the owners thereof."  (Emphasis added.)

In Hatchadorian v. Lindley (1986), 21 Ohio St.3d 66, 68, 21 OBR 365, 367, 488 N.E. 2d 145, 147, we noted that property that is not "used in business" within the meaning of R.C.

5701.08 is properly excludable from personal property tax. Thus, while R.C. 5709.01 establishes the rule that personal property "used in business" is subject to personal property tax, we have recognized that the statutes establish a corollary rule that tangible personal property not "used in business" is not taxable.

R.C. Chapter 5727 codifies laws governing the taxation of public utilities such as the appellant herein, United Telephone. Prior to 1982, R.C. 5727.06 provided in relevant part:

"The property owned or operated by a public utility required to make a return to the tax commissioner of its property to be assessed for taxation by the commissioner shall include such utility's plant, all real estate owned by the public utility and all other property, including that mentioned in section 5709.02 of the Revised Code, owned or operated by it wholly or in part within this state, used in connection with or as incidental to the operation of the public utility, where the same is held in common or by the individuals operating such public utility. ***" (Emphasis added.) (133 Ohio Laws, Part III, 2525-2526.)

The descriptive phrase "used in connection with or as incidental to the operation of" was removed from R.C. 5727.06 by enactment of Am.Sub.H.B. No. 201. During the tax years in question, the amended statute provided substantially as follows:

"Except as otherwise provided by law, the taxable property of a public utility required to be assessed by the tax commissioner is each kind of property mentioned in section 5709.02 of the Revised Code and: ***

"(A) In the case of a railroad, all real property and tangible personal property owned or operated in this state ***;

"(B) In the case of all other public utilities except freight line and equipment companies, all tangible personal property owned and located in this state on the thirty-first day of December of the preceding year." (Emphasis added.) (139 Ohio Laws, Part I, 2054.)

The commissioner argues that R.C. 5709.01 is a general statute which contradicts former R.C. 5727.06, a special statute. The commissioner contends that former R.C. 5727.06 should be deemed to prevail over R.C. 5709.01, and that all of United Telephone's personal property "owned and located in this state" should be subject to tax irrespective of whether that property is "used in business." However, R.C. 1.51 directs us to first construe conflicting statutory provisions, where possible, to give effect to both. Only where the conflict is deemed irreconcilable does R.C. 1.51 mandate that one provision shall prevail over the other. We have judicially recognized similar rules of statutory construction:

"First, all statutes which relate to the same general subject matter must be read in pari materia. See Maxfield v. Brooks (1924), 110 Ohio St. 566, 144 N.E. 725; State, ex rel. Bigelow, v. Butterfield (1936) 132 Ohio St. 5, 6 O.O. 490, 4 N.E. 2d 142. And, in reading such statutes in pari materia, and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each and all such statutes. Maxfield v. Brooks, supra. The interpretation and application of statutes must be viewed in a

manner to carry out the legislative intent of the sections. See Benjamin v. Columbus (1957), 104 Ohio App. 293, 4 O.O. 2d 439, 148 N.E.2d 695, affirmed (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854; In re Hesse (1915), 93 Ohio St. 230, 112 N.E. 511.  All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. State v. Glass (1971), 27 Ohio App.2d 214, 56 O.O.2d 391, 272 N.E.2d 893; State v. Hollenbacher (1920), 101 Ohio St. 478, 129 N.E. 702.  This court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict.  Couts v. Rose (1950), 152 Ohio St. 458, 40 O.O. 482, 90 N.E.2d 139."  Johnson's Markets, Inc. v. New Carlisle Dept. of Health (1991), 58 Ohio St.3d 28, at 35, 567 N.E.2d 1018, 1025.

Applying these principles to the case at bar, we note that former R.C. 5727.06 does not expressly exempt public utilities from the mandate of R.C. 5709.01 ("Except as *** otherwise expressly exempted from taxation, [a]ll personal property located and used in business in this state, *** [is] subject to taxation."  [Emphasis added.]).  Nor does former R.C. 5727.06 describe tangible property owned by a utility and located as "subject to taxation" as does R.C. 5709.01.  The legislature's expressed purpose in enacting Am.Sub. H.B. No. 201 was to amend existing law so as "to require county auditors, instead of the Tax Commissioner, to assess the real property of all public utilities except railroads."  (139 Ohio Laws 2043.)1 Consistent with these rules of statutory interpretation, we conclude that the General Assembly removed the phrase "used in connection with *** the operation of" a public utility in amending R.C. 5727.06 in 1982 because it found that language superfluous in light of the "used in business" requirement set forth in R.C. 5709.01.  Our conclusion is reinforced by the legislature's inclusion of the introductory phrase "except as otherwise provided by law" in the amended version of R.C. 5727.06.  We thus do not read former R.C. 5727.06 as removing the "used in business" requirement established in R.C. 5709.01.  This construction harmonizes and gives effect to both sections, as we are bound to do when possible.  United Telephone was not required to pay personal property tax on property not "used in business."  We therefore hold that tangible personal property owned by a public utility telephone company which is not "used in business" is not subject to personal property tax.

Having determined that personal property not "used in business" by the taxpayer is not taxable, the decision of the BTA is unreasonable and unlawful, and we reverse and remand this cause to the BTA for further proceedings to determine whether the dead and bad pairs and fiber at issue were "used in business."  In so doing, the BTA should apply R.C. 5701.08 in accordance with the principles set forth in Hatchadorian, supra, and Dayton Press, Inc. v. Limbach (1989), 42 Ohio St.3d 101, 537 N.E.2d 219, which we today affirm.

Decision reversed<br>and cause remanded.

Moyer, C.J., Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Resnick, J., concurs in the syllabus and judgment only.

FOOTNOTE:
1  Prior to these 1982 amendments, the county auditor was the designated assessor of all real estate in the county except that owned by public utilities (both railroads and other utilities).  See former R.C. 5713.01.  (138 Ohio Laws, Part II, 2910.)