{¶ 33} The several decisions of other appellate districts on which the majority relies hold that the speedy trial time limits of R.C. 2945.71 are tolled by R.C. 2941.401 when the defendant is in prison in Ohio. I do not agree.
 {¶ 34} The rationale of the cited cases is that, being the more specific of the two provisions, the 180-day "speedy trial" requirement of R.C. 2941.401 prevails over the generally applicable statutory speedy trial requirements of R.C. 2945.71. However, that rule of statutory construction applies only where there is a conflict between statutory provisions which is irreconcilable. R.C. 1.51. United Tel. Co. of Ohio v. Limbach
(1994), 71 Ohio St.3d 369. Further, in determining whether an irreconcilable conflict exists, the provisions "shall be construed, if possible, so that effect is given to both." R.C.1.51.
 {¶ 35} R.C. 2945.71(C)(2) states that a person against whom a felony charge is pending "[s]hall be brought to trial within two hundred and seventy days after the person's arrest." Paragraph (E) of that section applies the triple count benefit to defendants who are held in jail while the felony charge is pending. Paragraph (F) of R.C. 2945.71 states: "This section shall not be construed to modify in any way section 2941.401 or sections 2963.30 to 2963.35 of the Revised Code."
 {¶ 36} R.C. 2941.401 provides that when a person has entered a term of imprisonment in Ohio, he must be brought to trial on any untried indictment, information, or complaint within 180 days after he causes to be served on the prosecuting attorney and the court in which the charges are pending "a request for final disposition to be made of the matter," subject to "any necessary or reasonable continuance" by the court "for good cause shown."Id.
 {¶ 37} No conflict, much less one which is irreconcilable, exists between R.C. 2945.71(C)(2), the statutory speedy trial section applicable to Defendant, and R.C. 2941.401. The 180-day speedy trial provision of R.C. 2941.401 applies only if and after a prisoner delivers the required notice to the prosecuting attorney and the appropriate court. State v. Turner (1982),4 Ohio App.3d 305. Thereafter, per R.C. 2945.71(F), the 180-day time limit of R.C. 2941.401 prevails over any speedy trial time limit in R.C. 2945.71 which is otherwise applicable. The time limits of R.C. 2945.71 are then not tolled or suspended, but are instead superseded. R.C. 2945.71(F) thus avoids any conflict, and that was the General Assembly's purpose in adopting it. Conversely, if the prisoner fails to send the notice, then the time limits in R.C. 2945.71 continue to apply to any untried charge, subject to the extension provisions of R.C. 2945.72.
 {¶ 38} Defendant was imprisoned in Ohio on his conviction for another offense from August 31, 2004 to January 26, 2005. He served no R.C. 2901.401 notices during that time asking to be brought to trial on the untried indictment alleging a tampering with evidence offense. R.C. 2921.12. Therefore, as to that charge, the R.C. 2945.71(C) speedy trial provisions were not affected by Defendant's term of imprisonment.
 {¶ 39} The view that Defendant's statutory speedy trial time was tolled, irrespective of whether or not he served the required notices, views his imprisonment as denying Defendant the benefit of the 270 day speedy trial requirement in R.C. 2945.71(C). That concept borrows from the exception to the triple-count benefit of R.C. 2945.71(E) which applies when an accused is confined for other reasons, but it has no relation to or effect on the basic 270 day time limits in R.C. 2945.71(C).
 {¶ 40} It's worth noting that R.C. 2945.72(A) tolls the applicable R.C. 2945.71 speedy trial time in "[a]ny period during which the accused is unavailable for hearing or trial . . . by reason of his confinement in another state . . ." Had the General Assembly intended to also apply that tolling provision to the applicable R.C. 2945.71 speedy trial time while a defendant is incarcerated in Ohio, which is the rule the majority applies, it presumably would not have limited R.C. 2945.72(A) to out-of-state confinement.
 {¶ 41} Creating a tolling effect for R.C. 2901.401 creates uncertainties. If the tolling period begins when a defendant enters prison, how long does it last? It may be for 180 days, or it may be for the term of his imprisonment, unless and until he causes the notices contemplated by R.C. 2901.401 to be served. The latter alternative requires a defendant to act affirmatively to protect his R.C. 2945.71 speedy trial rights, which are otherwise self-executing. More significantly, it has the potential to deny a trial for years, contrary to the philosophy and purposes of both R.C. 2945.71 and 2901.401. It also turns these sections on their head by endorsing the denial of the constitutional speedy trial right by operation of a statutory mechanism.
 {¶ 42} I likewise respect the need to avoid a conflict between the appellate districts on an issue such as this. However, we must be guided by the General Assembly's enactments, and it has imposed the superseding rule of statutory construction in R.C. 1.51 to only those circumstances in which an irreconcilable conflict exists between legislative enactments. It does no good to find a conflict when there is none.
 {¶ 43} For the foregoing reasons, I find that the trial court was correct when it did not toll the time Defendant was imprisoned in Ohio on another charge, from August 31, 2004 to January 26, 2005, in computing Defendant's R.C. 2945.71(C) speedy trial time. However, I agree that the court erred when it counted the date of Defendant's arrest, August 18, 2004, for which it credited Defendant with three days per R.C. 2945.71(E). "The time within which an act is required by law to be done shall be computed by excluding the first day . . ." R.C. 1.14. Not counting those three days, Defendant's statutory speedy trial time had not elapsed when his motion for discharge was filed. I concur with the majority to that extent.