JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} West Shore Realty, defendant-appellant, appeals the judgment of the trial court denying its "motion to mitigate" and ordering execution of sentence against it. We affirm.
 {¶ 2} We first address appellant's failure to obtain appellate counsel. On December 7, 2006, Neal M. Jamison and Thomas Kraus filed a notice of appeal on behalf of appellant. They subsequently filed a brief on behalf of appellant; later, plaintiff-appellee, the city of Cleveland, filed a brief in response. On September 20, 2007, this court granted Jamison's and Kraus's motion to withdraw as counsel for appellant. The court also subsequently granted Matthew J. Selby's motion to remove his name as counsel for appellant, as he was no longer affiliated with Kraus and Jamison.
 {¶ 3} On October 15, 2007, this court granted the motion of Phenom Walker, West Shore's CEO, for a 30-day continuance of oral argument to allow her time to obtain new counsel. In its order granting the motion, this court indicated that West Shore had until November 5, 2007 to obtain new counsel and that no further continuances would be granted.
 {¶ 4} The court subsequently set oral argument for December 3, 2007. Walker appeared without counsel, however; by agreement of the parties, no oral argument was heard and we decide the case on the briefs submitted by counsel. *Page 4 
 {¶ 5} The record before us demonstrates that beginning in about 1997, the city of Cleveland issued numerous building, elevator, and fire code violations for the property located at 4900 Lakeside Avenue, Cleveland, Ohio. In fact, on April 8, 2002, a condemnation notice was issued, with a May 26, 2002 compliance date. At that time, a company by the name of W W Leasing owned the building.
 {¶ 6} Appellant purchased the building in March 2003, with knowledge of, and assuming responsibility for, the violations. The violations were not corrected between May 26, 2002 and October 2003, when appellant and Walker were charged in Cleveland Housing Court.
 {¶ 7} In December 2004, appellant entered into a plea agreement with the City, whereby it pled to a first degree misdemeanor relative to the violations, and as part of the plea agreement, all charges against Walker were dismissed.
 {¶ 8} In the agreement, appellant agreed to a $20,000 fine and a period of two-and-one-half years of inactive probation. It was further agreed that the fine would be suspended during the period of inactive probation in order to allow appellant to make repairs at the property. Specific dates were established for the completion of the repairs. The agreement also provided that "[i]f [appellant] does not comply, the City shall by written motion request that the Court convene a hearing to consider whether to execute on all or a part of any remaining sentence."
 {¶ 9} In 2005, several follow-up hearings were held and in 2006, several status hearings were held. One of the status hearings, held on September 5, 2006, *Page 5 
was conducted at the property. The following day, September 6, another status hearing was held at the court. At that hearing, the court executed on the fine. The court subsequently considered appellant's previously filed notice of compliance, which it construed as a "motion to mitigate." The motion was denied and the entire sentence was ordered to be executed.
 {¶ 10} In its first assignment of error, appellant contends that the trial court abused its discretion by imposing a fine in excess of the statutory limits. Specifically, appellant argues that the $20,000 fine was beyond the limitations set forth in Cleveland Codified Ordinances 3103.99 and R.C. 2929.31.
 {¶ 11} Generally, when a sentence is jointly recommended by the defendant and the prosecution in a criminal case and is imposed by the trial judge, it is not reviewable on appeal, pursuant to R.C.2953.08(D). State v. Coleman, Franklin App. Nos. 03AP-219 and 03AP0220,2003-Ohio-7234.
 {¶ 12} In particular, R.C. 2953.08(D) (1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 13} The sentence in this case was imposed as part of the plea bargain reached by the City and appellant. Therefore, if the agreed-upon sentence is authorized by law, it is not subject to further review.
 {¶ 14} Cleveland Codified Ordinances 3103.99 states: *Page 6 
 {¶ 15} "(a) Whoever violates any provision of this Building Code for which no other penalty is provided or any rule or regulation or order promulgated thereunder, or any code adopted herein, or fails to comply with the lawful order issued pursuant thereto is guilty of a misdemeanor of the first degree and shall be fined not more than one thousand dollars ($1,000.00) or imprisoned not more than six (6) months or both. Each day during which noncompliance or a violation continues shall constitute a separate offense.
 {¶ 16} "(b) As provided by R.C. 2901.23 and 2929.31, organizations convicted of an offense shall be fined not more than five thousand dollars ($5,000.00) for a misdemeanor of the first degree."
 {¶ 17} Appellant argues that pursuant to Cleveland Codified Ordinances 3103.99(b), it, as an organization, could not be fined in total more than $5,000, because subsection (b), unlike subsection (a), does not state that "[e]ach day during which noncompliance or a violation continues shall constitute a separate offense."
 {¶ 18} On the issue of statutory construction, the Ohio Supreme Court has stated:
 {¶ 19} `"First, all statutes which relate to the same general subject matter must be read in pari materia. See Maxfield v. Brooks (1924),110 Ohio St. 566, 144 N.E. 725; State, ex rel. Bigelow v. Butterfield
(1936), 132 Ohio St. 5, 6 O.O. 490, 4 N.E.2d 142. And, in reading such statutes in pari materia, and construing them together, this court must give such a reasonable construction as to give the proper force and *Page 7 
effect to each and all such statutes. Maxfield v. Brooks, supra. The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections. See Benjamin v.Columbus (1957), 104 Ohio App. 293, 4 O.O.2d 439, 148 N.E.2d 695, affirmed (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854; In reHesse (1915), 93 Ohio St. 230, 112 N.E. 511. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. State v. Glass (1971), 27 Ohio App.2d 214, 56 O.O.2d 391,273 N.E.2d 893; State v. Hollenbacher (1920), 101 Ohio St. 478,129 N.E. 702. This court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict. Couts v.Rose (1950), 152 Ohio St. 458, 40 O.O. 482, 90 N.E.2d 139.'" UnitedTelephone Co. of Ohio v. Limbach, 71 Ohio St.3d 369, 372, 1994-Ohio-209,643 N.E.2d 1129, quoting Johnson's Markets, Inc. v. New Carlisle Dept.of Health (1991), 58 Ohio St.3d 28, 35, 567 N.E.2d 1018.
 {¶ 20} This court has previously held that "[t]he legislative intent inherent in [Cleveland Municipal Codified Ordinance 3103.99] is to enforce compliance with the ordinance." Cleveland v. Modic (Dec. 17, 1992), Cuyahoga App. No. 63674. In reading subsections (a) and (b) of the ordinance in pari materia, and given the intent of the ordinance, we find that it would be incongruous that an individual could be fined for each day out of compliance but a corporation could not, especially in light of the fact that an individual can face jail time but a corporation cannot. *Page 8 
 {¶ 21} Accordingly, we hold that the sentence was authorized by law, and appellant's first assignment of error is overruled.
 {¶ 22} In its second assignment of error, appellant contends that the trial court denied its right to due process by executing sentence without a hearing on the City's motion. We disagree.
 {¶ 23} Appellant argues in this assignment of error that the trial court executed sentence based on the September 5, 2006 on-site visit, which was not an evidentiary hearing. The record demonstrates that subsequent to the September 5 visit, however, two supplemental hearings, one on September 6 and the other on September 15, were held on the record. During these hearings, the trial court was made aware of appellant's lack of compliance with the plea agreement. The court imposed the sentence on September 6 and appellant was given the opportunity to argue mitigation at that time.
 {¶ 24} Moreover, the court's judgment entry executing sentence notes that appellant's "motion to mitigate" "concedes that [appellant] has not complied with the requirements of a written plea agreement entered into December 9, 2004." The execution of sentence, therefore, was decided in part on appellant's own admissions. Appellant was represented by counsel at every hearing, of which there were eight in 2006. During these hearings, appellant was given the opportunity to mitigate the fine by providing evidence that the work was done. Appellant's failure to provide mitigating evidence of the repairs caused the execution of the fine. *Page 9 
 {¶ 25} This court has previously held that "[t]he granting of probation is not a right but a privilege. Thus, the same due process accorded to the revocation of a right is not attendant to the withdrawal of a privilege. The Court has the discretionary power to revoke probation for violation of its rules and conditions of probation just the same as it has the power to grant probation under Section 2951.02 of the Ohio Revised Code." State v. Mathis (Apr. 16, 1987), Cuyahoga App. No. 51882.
 {¶ 26} Based on this record, it is clear that the numerous hearings held by the trial court during the probationary period were to address whether appellant was in compliance with the plea agreement. At these hearings, appellant was given the opportunity to present evidence that it was in compliance, but failed to do so. Appellant's due process rights were, therefore, not denied.
 {¶ 27} The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
CHRISTINE T. McMONAGLE, JUDGE
 ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1