Judge Wright
delivered the opinion of the court:
The first inquiry claiming our attention is, whether, by the common law, it is competent for the relator to traverse and falsify the return made to an alternative mandamus ? ' The object of the remedy by mandamus is to compel public officers and private individuals in matters relating to the public, to perform their public duties. 3 Bl. Com. 110; Bac. Ab., Mandamus; It is a writ to compel action by, not to give remedy against, the individual officer, for injury resulting from an imperfect or improper action. 3 Burr. 126, 167; 5 Bin. 103.
At the common law no pleadings are allowed beyond the return collaterally to contradict it. Taking the return as true, judgment is pronounced, awarding a peremptory mandamus or refusing it. This is given upon the legal sufficiency of the return. If false, the relator was driven to his action to falsify the return, and to. *454 •obtain redress. The statute of 9 Anne, ch. 20, changed the common law practice in England, and made provision for a course of pleading and regular trial. 4 Bac. Ab. 560; 3 Holt, 366, 367. In New York, the legislature has made provision by statute, to regulate the practice in cases upon mandamus. 1 N. Y. L. 107; 16 Johns. 62. In Virginia, Pennsylvania, New Jersey, and Massachusetts, the common law prevails as to such proceeding. 6 Mass. 464, 466; 466 Denis Ab. 323, 335; 6 Bin. 9. We have no .statute in this state on the subject of the practice on this writ. The statute authorizes the courts to proceed according to the usages and principles of law. 29 Ohio L. 56. The rules and principles of the common law have been uniformly held to govern our practice, so far as they are applicable to our condition and •circumstances. 1 Ohio, 245. In Turner’s case, 5 Ohio, 542, this court determined that recurrence should be had to the common law, to learn the cases proper for the application of this writ. The counsel for the relators urge that the court is in duty bound to fix some rules to govern the practice on this writ, consonant with the practice in those countries where the common law rule has been found inconvenient and remedied. The court doubtless has the power to regulate its practice; but it is a power to be 448] exercised cautiously. The expediency of ^exercising the power in this class of cases is questioned. In other states as well as in England, the practice has been changed by the legislature, not the courts. In this state, this very practice was before the legislature several years ago, and no change was thought necessary. We think the practice might be simplified, and justice more speedily administered than by pursuing the course of the common law; but until the general assembly shall interfere, unless the evils of the present system shall become more apparent to us, we must decline interference. The pleas, therefore, which question the truth of the return to the mandamus can not received.
The remaining question is upon the sufficiency of the return. It is, in substance, that at the annual meeting of the trustees, they distributed according to law all the funds in hand to those applying; and relators did not apply. The trustees have no fund now to distribute. It has all been distributed out. If it has been so distributed in wrong, the individual agents are not to be punished, nor redress secured to the injured in this form of action. The ■precise question here arising was before the court in Ohio, ex rel. *455 Hodge, v. Newton, 2 Ohio, 109, in which the court held that inasmuch as the command of the mandamus could not act on the specific fund, no order could be awarded to act on any general fund within the control of the trustees. The court say, “the proceeds of each year are specifically appropriated to each society, according to the number of its member's for that year. There are different owners of the rents for each separate year; and if injustice be done in making a dividend, it can not be corrected in a subsequent one without injustice.”
The return is sufficient; a peremptory mandamus is refused at •the cost of the relators.