Bell, J.
 

 The sole question for determination is whether the petition is fatally defective in failing to .allege that there was attached to the orders certificates •of the county auditor as required by Section 5625-33, General Code.
 

 This section, insofar as applicable in the instant ■case, reads as follows:
 

 “No
 
 subdivision
 
 or
 
 taxing unit
 
 shall: # *
 

 “(d) Make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount'required to meet the same * *
 
 *
 
 has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the ■credit of an appropriate fund free from any previous •encumbrances. Every such contract made without such a certificate shall be void and no warrant shall be issued in payment of any amount due thereon. * * * ” (Italics ours.)
 

 Section 5625-33, General Code, is part of the
 
 uniform tax levy law
 
 (Sections 5625-1 to 5625-39, inclusive, General Code), and it should be noted in passing, has reference only to a
 
 subdivision
 
 or
 
 taxing unit.
 

 Section 5625-1, General Code, defines the terms used in the
 
 uniform tax levy
 
 law. and reads in part as follows :
 

 “The following definitions shall be applied to the terms used in this act:
 

 “(a)
 
 ‘Subdivision’
 
 shall, mean any county, school •district, except, the county school district, municipal corporation or township in the state. * * *
 

 
 *219
 
 “(i)
 
 ‘Taxing unit’
 
 shall mean any subdivision or other governmental district having authority to levy taxes on the property in such district or issue bonds which constitute a charge against the property of such district' including conservancy districts, metropolitan park districts, sanitary districts, road districts and other districts.” (Italics ours.)
 

 It is not seriously contended that a board of elections comes within the statutory definition of either a
 
 subdivision
 
 or a
 
 taxing unit.
 

 '
 
 The argument of respondent is that the members of the board of elections are county officers and that any sums due on contracts made by the board, requiring the expenditure of public funds are paid from the county treasury; therefore such contracts are included within the meaning of Section 5625-33 (d), General Code.
 

 To determine whether members of the board are county officers it is necessary to consider the history and duties of such boards. '
 

 Section 1, Article III, and Section 1, Article XVII of the Constitution fix the time of holding elections. Section 2 of Article III fixes the term of office of all executive elective state officials. Section 2 of Article XVII grants to the General Assembly the power, within specified limits, to fix the terms of all. elective county, township, municipal and school officers; further grants to the Governor the power to fill certain specified vacancies ; and grants to the General Assembly the power to provide by law the manner of filling vacancies of all other elective offices.
 

 A consideration of the mandatory provisions of Sections 2 and 27 of Article ÍI (legislative), Section 1 of Article III (executive), Section 2 of Article IV (judicial), Sections 1 to 7 of Article V (elective franchise) and Sections 1 and 2 of Article X VII of the Constitu
 
 *220
 
 tion makes it abundantly clear that all matters pertaining to tbe conduct of elections are state functions.
 

 Pursuant to tbe constitutional grant of power tbe General Assembly has enacted the election code. (113 Ohio Laws, 307, Sections 4785-1 to 4785-234, inclusive, General Code.)
 

 In the prior election code the Secretary of State was designated as the "state supervisor and inspector of elections” (Section 4787, General Code of 1910, 97 Ohio Laws, 218), and the boards (now designated as the boards of elections)- were designated as boards. of
 
 “deputy state supervisors and inspectors of
 
 elections.” (Section 4788, General Code of 1910, 98 Ohio Laws, 288.)
 

 In the present code the General Assembly has changed the name of the boards from deputy state supervisors and inspectors of elections to boards of elections; their duties, however, are prescribed in almost identical language. There is no language in any of the present sections of the code to indicate any legislative intent to make the members of the boards of elections county officers.
 

 Section 4785-6, General Code, provides:
 

 "The Secretary of State, by virtue of his office, shall be the chief election officer of the state, with such powers and duties relating to the registration of voters arid the conduct of elections as are prescribed in this act. * * *”
 

 Section 4785-7, General Code, reads in part as follows:
 

 "It shall be the duty of the Secretary of State to appoint, in the manner provided by law, all members of boards of elections, to advise with members of such boards as to the proper methods of conducting elections; to prepare rules, regulations and instructions for the conduct of elections; to publish and furnish to the boards from time to time a sufficient number of in
 
 *221
 
 dexed copies of all election laws then in force; to edit and issue all pamphlets concerning proposed laws or amendments required by law to be submitted to the voters; to recommend to boards of elections the form of registration cards, blanks and records; to determine, in the manner provided by law, the forms of ballots, the forms of all blanks, cards of instructions,, pollbooks, tally sheets, and certificates of election; to prepare the ballot title or statement to be placed on the¡ ballot for any proposed law or amendment to the Constitution to be submitted to the voters of the state; to> certify to the several boards the forms of ballots and names of candidates for state offices, and the form and wording of state referendum questions and issues, as they shall appear on the ballot, to the several boards. # * # J ?
 

 Section 4785-8, General Code, provides in part:
 

 “There shall be in each county of the state, a board of elections consisting of four qualified electors of the county, who shall be appointed by the Secretary of State,
 
 as representatives of the Secretary of State,
 
 to’ serve for the term of four years and until their successors have been appointed and have qualified.”' (Italics ours.)
 

 Section 4785-11, General Code, provides in part:
 

 “The Secretary of State may summarily remove any member of a board of elections # * * for neglect, of duty, malfeasance, misfeasance, or nonfeasance in office, for any wilful violation of the election laws; or for any any other good and sufficient cause.”
 

 Section 4785-13, General Code, defines the duties of the board.
 

 Paragraph f. thereof reads:
 

 “To advertise and contract for the printing of all ballots, and, other supplies used in registrations and elections.”
 
 (Italics ours.).
 

 
 *222
 
 This paragraph made it the mandatory duty of the board to purchase the supplies which were ordered from and supplied by relator.
 

 Section 4785-20, General Code, reads in part:
 

 “ * * * Payments shall be made upon vouchers of the board certified to by its.chairman or acting, chairman and the clerk or deputy clerk, upon warrants of the auditor. * * * ” ■
 

 From a reading of the sections quoted as well as other sections of the ^election code we think the conclusion is inescapable that members of boards of elections act under the direct control of and are answerable only to the Secretary of- State and are in law and fact-deputies of the Secretary of State in his capacity as-the chief election officer of the state. They perform no county functions and are not county officers.,
 

 To sustain the contention of the respondent that the members of the boards of elections are county officers would mean that contracts for all supplies for holding -elections come within the meaning of the provisions of Section 5625-33 (d), General Code. By such a holding this court would in effect place in the hands of county -officers the power to set at naught the mandatory provisions of Section 2, Article X and Section 1, Article XVII of the Constitution as to the holding of elections. Such a conclusion would do violence to the manifest indent as well as the plain language of the Constitution.
 

 Since 1925 the exact question here presented has been considered four times by the office of the Attorney General.' In each instance it was his opinion that Section 5625-33 (d), General Code, had no application to contracts entered into by a board of elections. See Opinions of Attorney General (1925), 479, No. 2638; (1925) 656. No. 2844; Vol. 3 (1928), 2190, No. 2629; Vol. 2 (1930); 887, No. 1961.
 

 
 *223
 
 These opinions have been acted upon by the public officers for a long period of years, are entitled to serious-consideration, and should not be rejected unless such a result is necessary from the plain language of the statute.
 

 We think that under the Constitution and the statutes passed pursuant thereto all matters pertaining to the conduct of elections are state functions; that members of boards of elections perform no county functions and are not county officers; and that contracts entered into by boards of elections pursuant to Section 4785-13, General Code, do not come within the provisions of Section 5625-33 (d), General Code.
 

 It follows, therefore, that the demurrer to the petition should be and hereby is overruled.
 

 Demurrer overruled.
 

 Weygandt, C. J., Matthias, Hast, Zimmerman and Williams, JJ., concur.
 

 Turner, J., not participating.