THE STATE EX REL. DREAMER, ET AL., APPELLEES, *v.*

MASON, PROS. ATTY., ET AL., APPELLANTS.

[Cite as *State ex rel. Dreamer v. Mason,* 129 Ohio St.3d 94, 2011-Ohio-2318.]

*R.C. 309.09 and 305.14 — Elections board employees charged with committing election-law violations during a recount — Employees did not satisfy their burden to show that county prosecuting attorney and county board of commissioners had a duty to apply to the court of common pleas for appointment of counsel to represent them — Elections board employees are not "county officers" for purposes of R.C. 309.09 and 305.14.*

(No. 2010-1551 — Submitted March 1, 2011 — Decided May 19, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 93949,

189 Ohio App.3d 420, 2010-Ohio-4110.

_____

LANZINGER, J.

{¶ 1}  This is an appeal from a judgment granting a writ of mandamus. We reverse the judgment of the court of appeals and deny the writ because appellees, employees of the Cuyahoga County Board of Elections ("the elections board"), have not satisfied their burden to show that appellants, Cuyahoga County Prosecuting Attorney William D. Mason ("the prosecutor") and the Cuyahoga County Board of Commissioners ("the commissioners"), had a clear legal duty under R.C. 309.09 and 305.14  to jointly apply to the court of common pleas for the retroactive appointment of counsel and reimbursement of legal-defense fees of appellees.

## I.  Case Background

{¶ 2}  The criminal prosecution of appellees in this case arose from conduct that allegedly occurred during the election recount of the November 2004

presidential election. Appellee Jacqueline Maiden was the coordinator for the elections board and appellees Kathleen Dreamer and Rosie Grier were, respectively, the manager and assistant manager of the elections board's ballot department during the November 2004 election and the recount. Maiden was in charge of preparing the election board's staff for the recount, and Dreamer and Grier were involved in organizing and conducting the recount.

{¶ 3} On December 22, 2004, the elections board met and certified the recount results. During that meeting, information was disclosed that suggested that personnel might not have conducted the recount in accordance with Ohio law. The elections board did not initiate an investigation into whether its employees had violated Ohio law in conducting the recount and did not refer the matter to the prosecutor. Upon the January 3, 2005 request of the Green and Libertarian Parties, however, the prosecutor referred the investigation and criminal prosecution of possible election-law violations to a special prosecutor, Erie County Prosecuting Attorney Kevin Baxter. In the spring of 2005, the special prosecutor interviewed elections-board members and staff. The prosecutor's office advised the elections board that neither its members nor its staff would be provided legal counsel before or during the interviews.

{¶ 4} In August 2005, several members and employees of the elections board received grand-jury subpoenas. The elections board requested that the prosecutor provide counsel to board members, officers, and employees who had received subpoenas. The prosecutor's office informed the board that it would not advise or provide counsel to any of the subpoenaed persons. An August 17, 2005 request from the director of the elections board to the prosecutor requesting that "special counsel, at the Board's choosing, be granted to provide necessary legal assistance, at the very least, to explain to those subpoenaed the grand jury process" went unfulfilled.

**{¶ 5}** In August 2005, the grand jury indicted Dreamer and Grier on charges of election-law violations concerning the recount. In February 2006, the grand jury indicted Maiden on the same charges. Following the indictments, the elections board released a public statement defending its employees.

**{¶ 6}** In April 2006, the private attorneys who had been hired by Dreamer and Maiden requested that the elections board, pursuant to R.C. 305.14(A), ask the prosecutor's office and the commissioners to petition the court of common pleas to authorize the commissioners to retain them at county expense as counsel for Dreamer and Maiden in the pending criminal cases. Dreamer's attorney also appeared at two executive sessions of the elections board, where he repeated his request.

**{¶ 7}** During both executive sessions, the elections board agreed that it would pay the legal fees and expenses of Dreamer, Maiden, and Grier in all matters related to their criminal cases if they were not convicted of criminal conduct. An assistant county prosecuting attorney was present at one of the executive sessions and was aware of the appellees' attorneys' and the elections board's requests for the appointment of independent counsel for the indicted employees. According to the elections board's then deputy director, the assistant prosecuting attorney informed the board members during an executive session that the county would pay appellees' legal fees if they were found not guilty.

**{¶ 8}** The elections board requested that the prosecutor apply for the appointment of independent counsel to represent Dreamer, Maiden, and Grier in their criminal cases, but he refused. The elections board also requested that the commissioners act unilaterally to apply to the common pleas court for the appointment of independent counsel for the employees, but the prosecutor, on behalf of the commissioners, rejected the request.

**{¶ 9}** In January 2007, Dreamer, Maiden, and Grier were tried by a jury on the charges. Grier was found not guilty on all charges. The charges against Dreamer and Maiden were eventually dismissed.

**{¶ 10}** Nearly a year later, on September 18, 2009, appellees, Dreamer, Maiden, and Grier, filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel the prosecutor and commissioners "to make application to the Cuyahoga County Court of Common Pleas for retroactive appointment of independent counsel" and to order the commissioners to pay for their "legal expenses incurred by defending themselves against criminal charges related to the performance of their official duties for the Cuyahoga County Board of Elections during the 2004 election and recount." Appellants filed a motion for summary judgment, and appellees filed a brief in opposition.

**{¶ 11}** In September 2010, a divided panel of the court of appeals denied appellants' motion for summary judgment and granted the writ of mandamus to compel the prosecutor and the commissioners to "make an application to the court of common pleas pursuant to R.C. 305.14(A)." The court further held: "The court of common pleas, upon finding that [appellees] acted in good faith and a well-intended manner in performing their official job duties, may authorize retroactive appointment of counsel and reimbursement of legal expenses in an amount fixed by the commissioners." 189 Ohio App.3d 420, 2010-Ohio-4110, 938 N.E.2d 1078, ¶ 52.

**{¶ 12}** This cause is now before the court upon the prosecutor and commissioners' appeal as of right.

## II. Legal Analysis

### A. Mandamus

**{¶ 13}** To be entitled to the writ, appellees must establish a clear legal right to an application for the retroactive appointment of counsel and reimbursement of their attorney fees and other legal expenses at county expense,

as well as a corresponding clear legal duty of the prosecutor and commissioners to apply to the court of common pleas for this relief, and the lack of an adequate remedy in the ordinary course of law. See *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 7. Appellees claim entitlement to the requested extraordinary relief based solely on R.C. 309.09 and 305.14. They have not claimed estoppel.

*B. The statutes: R.C. 309.09(A) and 305.14*

{¶ 14} R.C. 309.09(A) sets forth the general rule that "[t]he prosecuting attorney shall be the legal adviser of the board of county commissioners, board of elections, and all other county officers and boards" and that "[t]he prosecuting attorney shall prosecute and defend all suits and actions which any such officer or board directs or to which it is a party, and *no county officer may employ any other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code*." (Emphasis added.) See also *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, ¶ 26; *State ex rel. O'Connor v. Davis* (2000), 139 Ohio App.3d 701, 706, 745 N.E.2d 494 (under R.C. 309.09(A), the prosecuting attorney "has the statutory responsibility and authority to advise, prosecute, and defend county officers and boards as specified").

{¶ 15} R.C. 305.14 confers jurisdiction on courts of common pleas to authorize a board of county commissioners to employ special counsel upon joint application of the prosecuting attorney and the board of county commissioners:

{¶ 16} "The court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which

such board or officer is a party or has an interest, in its official capacity." R.C. 305.14(A).

{¶ 17} The board of county commissioners fixes the compensation of all persons appointed or employed pursuant to R.C. 305.14, and that compensation, along with reasonable expenses, is paid from the county treasury upon allowance by the board. R.C. 305.17.

{¶ 18} Thus, it is true that an application by both the prosecuting attorney and the board of county commissioners is required for the court of common pleas to authorize the appointment of counsel other than the prosecuting attorney to represent a county officer. R.C. 305.14(A).[1] But appellees have failed to establish their clear legal right to relief in this case because they are not "county officers" for purposes of R.C. 309.09 and 305.14.[2]

{¶ 19} Appellees are employees of the elections board who were required to defend themselves against criminal allegations that they had violated election

---

1. We have set forth one exception to this requirement. See *State ex rel. Hamilton Cty. Bd. of Commrs. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 111, 2010-Ohio-2467, 931 N.E.2d 98, ¶ 28. ("[N]otwithstanding the express language of R.C. 305.14(A), the common pleas court may act to appoint counsel other than the prosecuting attorney to represent the board of county commissioners if the prosecuting attorney has a conflict of interest *even in the absence of the joint application specified in R.C. 305.14(A)* when the prosecutor refuses to join in the application. See, e.g., *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 20 O.O.3d 388, 423 N.E.2d 105, paragraph one of the syllabus ('Application by both the prosecuting attorney and the board of county commissioners is a prerequisite to authorization by a court of common pleas pursuant to R.C. 305.14 of appointment of other counsel to represent a county office, except where the prosecuting attorney has a conflict of interest and refuses to make application').") (Emphasis sic.)

2. We recognize that this issue is not raised by either party on appeal. Nevertheless, during the earlier proceedings, the court of appeals ordered the parties to brief this issue. Furthermore, "our plenary authority in extraordinary actions permits us to consider the instant appeal as if it had been originally filed in this court." *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 138, 656 N.E.2d 940. The "court's plenary authority generally refers to our ability to address the merits of a writ case without the necessity of a remand if the court of appeals erred in some regard." *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conf. v. Ohio Bur. of Emp. Servs.* (2000), 88 Ohio St.3d 577, 579, 728 N.E.2d 395. We conclude that no remand is warranted here, and we choose to invoke this court's plenary authority to resolve the issue that was decided in the court of appeals in this writ case.

laws during an election recount. R.C. 309.09 and 305.14 specify duties of the prosecutor with respect to "county officers." Because appellees based their mandamus action in the court of appeals on statutory grounds only, the statutes themselves answer whether the elections board employees have a right to an application for independent counsel and payment of attorney fees and whether the county prosecutor has a corresponding duty to file such an application in the common pleas court.

{¶ 20} Neither statute primarily relied upon discusses employees. R.C. 309.09(A) states that "[t]he prosecuting attorney shall be the legal adviser of the board of county commissioners, board of elections, and all other *county officers* and boards" and that "[t]he prosecuting attorney *shall prosecute and defend all suits and actions which any such officer or board directs* or to which it is a party, and *no county officer may employ any other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code*." (Emphases added.) R.C. 305.14(A) then grants discretion to the court of common pleas. "The court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, *may authorize* the board to employ legal counsel *to assist* the prosecuting attorney, the board, or any other *county officer* in any matter of public business coming before such board *or officer*, and in the prosecution or defense of any action or proceeding in which such board *or officer* is a party or has an interest, in its official capacity." (Emphases added.) Nothing in either statute addresses employees.

{¶ 21} In its decision, the court of appeals erroneously found that "under the plain language of R.C. 309.09(A) and 305.14(A), [appellees] should have been considered county officers." 189 Ohio App.3d 420, 2010-Ohio-4110, 938 N.E.2d 1078, at ¶ 15. But as the dissenting judge recognized, "[t]he authority of a county board of elections and the performance of duties by its members are

7

governed by applicable statutory requirements." Id. at ¶ 59 (Gallagher, J., dissenting).

{¶ 22} We have held, "Under the mandatory provisions of Section 2, Article X and Section 1, Article XVII of the Constitution of Ohio, and the statutes passed pursuant thereto, all matters pertaining to the conduct of elections are state functions." *State ex rel. Columbus Blank Book Mfg. Co. v. Ayres* (1943), 142 Ohio St. 216, 27 O.O. 176, 51 N.E.2d 636, paragraph one of the syllabus.

{¶ 23} Furthermore, statutory authority over the boards of elections is vested in the secretary of state. Among other duties, the secretary of state appoints county election board members (R.C. 3501.05(A) and 3501.06), issues directives and advisories to board members (R.C. 3501.05(B)), compels observance of election laws (R.C. 3501.05(B) and (M)), and removes and replaces board members if necessary (R.C. 3501.16). As we noted, "[m]embers of the boards of elections act under the direct control of and are answerable only to the Secretary of State in his capacity as the chief election officer of the state. They perform no county functions and are not county officers." *Ayres* at paragraph two of the syllabus.

{¶ 24} Although under R.C. 3501.01(U)(6), employees of the elections board are "election officers," R.C. 3501.14 specifically states that "[t]he director, deputy director, *and other employees* of the board *are not* public officers * * *." (Emphases added.)

{¶ 25} Consequently, this mandamus action must fail because appellees have not satisfied their burden to show that employees who are performing their official duties on behalf of the county elections board are "county officers." Both *Ayres* and R.C. 3501.14 negate any suggestion that an elections board employee can be characterized as a county officer. The court of appeals thus also erred in its resolution of this issue.

**{¶ 26}** As previously stated, we do not have the power to create the legal duty enforceable through mandamus. That is the distinct function of the legislative branch of government. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18.

### *C. Motions*

**{¶ 27}** We deny appellants' motion for oral argument. Oral argument is not mandatory in this appeal as of right. S.Ct.Prac.R. 9.1. The parties' briefs are sufficient to resolve the pertinent legal issues. See *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 11. We also deny appellees' motion to strike appellants' reply brief and grant appellants' motion to correct a misstatement in that brief.

### III. Conclusion

**{¶ 28}** Based on the foregoing, the court of appeals erred in granting the writ of mandamus when appellees failed to establish their entitlement to the requested extraordinary relief. Therefore, we reverse the judgment of the court of appeals and deny the writ.

Judgment reversed

and writ denied.

O'CONNOR, C.J., and O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent and would affirm the judgment of the court of appeals.

_____

Synenberg & Associates, Roger M. Synenberg, and Dominic J. Coletta; Rotatori Bender Co., L.P.A., Robert J. Rotatori, and Richard L. Stoper; and Argie, D'Amico & Vitantonio and Dominic Vitantonio, for appellees.

William D. Mason, Cuyahoga County Prosecuting Attorney, and David G. Lambert and Charles E. Hannan, Assistant Prosecuting Attorneys, for appellants.

_____