[Cite as *State ex rel. Smith v. Cuyahoga Cty. Sheriff*, 2016-Ohio-1469.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103534**

---

**STATE OF OHIO, EX REL.
DARRYL W. SMITH**

RELATOR

vs.

**CUYAHOGA COUNTY SHERIFF, ET AL.**

RESPONDENTS

---

**JUDGMENT:**
PETITION DENIED

---

Writs of Habeas Corpus and Mandamus
Motion No. 490670
Order No. 493972

**RELEASE DATE:** April 6, 2016

**FOR RELATOR**

Darryl W. Smith, pro se
Inmate No. 0078967
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio   44101


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

Barbara A. Langhenry
City of Cleveland - Director of Law
By:   Connor P. Nathanson
Assistant Director of Law
601 Lakeside Avenue - Room 106
Cleveland, Ohio   44114

MARY EILEEN KILBANE, J.:

**{¶1}** Darryl W. Smith has filed a petition for writs of habeas corpus and mandamus. Respondents Cuyahoga County Sheriff and Judge Marilyn Cassidy have moved for summary judgment. Smith has moved to strike the motions for summary judgment. The motions for summary judgment are granted, and the petition is denied for the reasons that follow.

**{¶2}** Smith's petition maintains that he is being illegally imprisoned in the Cuyahoga County jail under an "illegal death sentence" or "other additional unlawfully imposed convictions and sentences" without trials or due process and in violation of his constitutional rights. Smith's petition failed to identify the case(s) that are causing his alleged unlawful detention and did not include a copy of his commitment as required by R.C. 2725.04(D). The petition also did not comply with the requirements of R.C. 2969.25(A).

**{¶3}** R.C. 2725.04(D) provides:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> (A)__That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
>
> (B)__The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
>
> (C)__The place where the prisoner is so imprisoned or restrained, if known;
>
> (D)__A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

**{¶4}** R.C. 2969.25(A) and (C) require the following:

(A)_ _*At the time that an inmate commences a civil action* or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.  The affidavit shall include all of the following for each of those civil actions or appeals:

(1)__A brief description of the nature of the civil action or appeal;

(2)__The case name, case number, and the court in which the civil action or appeal was brought;

(3)__The name of each party to the civil action or appeal;

(4)__The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

* * *

(C)__If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency.  The affidavit of waiver and the affidavit of indigency  shall contain all of the following:

(1)__A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2)__A statement that sets forth all other cash and things of value owned by the inmate at that time.

(Emphasis added.)

{¶5}  Respondent Sheriff Pinkney argues that numerous defects warrant dismissal of the petition and cites legal authority in support.  Additionally, both respondents contend that

summary judgment is warranted because Smith is not entitled to habeas corpus or mandamus relief on the claims set forth in his petition.

**{¶6}** Although Smith attempted to cure the pleading defects through a motion to supplement his petition, the Ohio Supreme Court has held that the statute does not permit delayed statements pursuant to R.C. 2969.25(C). The requirement is mandatory and failure to comply with it subjects the petition to dismissal. *State ex rel. Jackson v. Calabrese*, 143 Ohio St.3d 409, 2015-Ohio-2918, 38 N.E.2d 880, ¶ 5. The petition, therefore, is subject to dismissal for this reason.

**{¶7}** Smith's petition did not include the commitment papers, the affidavit required by R.C. 2969.25(A), nor the cashier's statement required by R.C. 2969.25(C). The petition is not captioned in the name of the state, which is required by R.C. 2731.04 for mandamus actions. Smith did not comply with Civ.R. 10 that requires the petition to include the addresses of the parties.

**{¶8}** In addition to the numerous pleading defects, Smith has failed to establish the criteria necessary for issuing either a writ of habeas corpus or mandamus.

**{¶9}** Smith's motion to supplement his petition identifies Cleveland Municipal Court Case No. 2015 CRB 012064, however, there are no docket entries attached to his affidavit that was filed with this court. Respondent Judge Cassidy, however, has submitted a copy of the docket that reflects that Smith pled no contest, consented to a finding of guilt, and was convicted of aggravated menacing. Smith was sentenced to five years active probation, and a sentence of 152 days of incarceration at the Cleveland House of Correction was ordered into execution in July 2015. He received 18 days of credit for days served. Smith did not appeal that sentence.

{¶10} Smith filed some post-judgment motions in the municipal court action. His motion to vacate his plea was denied. He did not appeal that judgment. His motion to strike the victim's statement was denied. He did not appeal that judgment. He was held in contempt and ordered to serve 30 days in the Cleveland House of Correction. He did not appeal that judgment. In August 2015, Smith escaped from his incarceration. A capias was issued, and upon his arrest a hearing was held where the court ordered Smith to serve 210 days in the Cleveland House of Correction. He did not appeal that judgment. The court found Smith to be in violation of his probation and terminated it. The court imposed an 180-day sentence for aggravated menacing to be served consecutively to his 30-day sentence for contempt. Smith did not appeal that order.

{¶11} In his petition, Smith maintains that his plea was invalid and that his convictions were based on perjured testimony from the victims and false charges. He asserts he was found in contempt and sentenced without a hearing. Smith further complains that he suffered assaults at the hands of bail bondsmen hired by one of the victims to injure him and to stop him from revealing his knowledge of her criminal activity. He contends that he is being held under a false name but there is no evidence that would support this contention, which the sheriff has disputed. Smith's claims that he was not represented in the municipal court proceedings is contradicted by the docket that reflects he was represented by a public defender. None of these allegations are grounds for issuance of a writ of habeas corpus or mandamus. Smith has or had an adequate remedy at law to raise these issues either through a direct appeal or by filing claims against the parties in a civil action. Petitioner's remedy to challenge the guilty plea, conviction, and sentence in his misdemeanor case is through a direct appeal, not by habeas corpus. *Perry v. Maxwell*, 175 Ohio St. 369, 195 N.E.2d 103 (1963). Mandamus is also precluded where an

appeal provides an adequate remedy at law. *State ex rel. Hamilton v. Brunner*, 105 Ohio St.3d 304, 2005-Ohio-1735, 825 N.E.2d 607; *State ex rel. Dix v. McAllister*, 81 Ohio St.3d 107, 108, 689 N.E.2d 561 (1998).

{¶12} Respondents' motions for summary judgment are granted. Smith's motion to strike is denied. The petition for writ of habeas corpus and mandamus is denied. Petitioner to pay costs. The court further directs the clerk of the Eighth District Court of Appeals to serve notice of this judgment upon all parties as required by Civ.R. 58(B).

{¶13} Petition denied.

_____

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR