**[Cite as *State ex rel. Brockler v. O'Malley*, 2020-Ohio-4985.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | EIGHTH JUDICIAL DISTRICT |
| COUNTY OF CUYAHOGA | ) | |

| | |
|---|---|
| STATE EX REL. AARON JAMES BROCKLER, ESQ. | C.A. No.    CA-19-108471 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL C. O'MALLEY, CUYAHOGA COUNTY PROSECUTOR, et al. | COURT OF COMMON PLEAS COUNTY OF CUYAHOGA, OHIO CASE No.    CV-15-848730 |
| Appellants | |

DECISION AND JOURNAL ENTRY

Dated: October 22, 2020

CALLAHAN, Presiding Judge.

{¶1}    Appellants, Cuyahoga County Prosecutor Michael C. O'Malley and the Cuyahoga County Council, appeal a judgment of the Cuyahoga County Court of Common Pleas that issued a writ of mandamus and an order awarding attorney fees. This Court reverses.

I.

{¶2}    Appellee, Attorney Aaron Brockler, petitioned the Cuyahoga County Court of Common Pleas for a writ of mandamus compelling the Cuyahoga County Prosecutor ("the Prosecutor") to provide him with a defense during disciplinary proceedings. Attorney Brockler argued that because he was employed as an assistant prosecuting attorney at the time of the actions that gave rise to the proceedings, the Prosecutor had a clear legal duty under R.C. 309.09(A) to provide a defense. In the alternative, Attorney Brockler argued that the Prosecutor and the Cuyahoga County Council ("County Council") had a clear legal duty to apply to the Cuyahoga County Court of Common Pleas for the appointment of counsel to represent him pursuant to R.C.

305.14(A) because the Prosecutor had a conflict of interest. Attorney Brockler also argued that under a theory of promissory estoppel, he was entitled to a writ of mandamus compelling County Council to reimburse him for the legal expenses that he incurred by hiring his own attorneys to represent him in the proceedings.

{¶3} The parties filed motions for summary judgment, relying on stipulated exhibits. The trial court granted summary judgment to Attorney Brockler and denied the County Council's and the Prosecutor's motions for summary judgment, concluding that Attorney Brockler was a county officer for purposes of R.C. 309.09(A) and, as such, the Prosecutor had a clear legal duty to provide him with a defense either under R.C. 309.09(A) or, if a conflict existed, by applying to the Court of Common Pleas for appointment of counsel under R.C. 305.14(A). The trial court also concluded that Attorney Brockler was entitled to recover the legal expenses that he incurred as a result of securing his own defense under the equitable theory of promissory estoppel. On August 23, 2018, the trial court granted a writ of mandamus that purported to directly appoint the law firm retained by Attorney Brockler retroactively and to award Attorney Brockler "the reasonable attorney's fees, costs, expenses, and interest he * * * incurred to obtain representation in the Disciplinary Proceedings at issue in this matter." On March 29, 2019, the trial court issued a second order that determined the amount of the award to Attorney Brockler, which consisted of both the expenses incurred in representing himself in the disciplinary proceedings and in bringing the mandamus action, an award in excess of $150,000.

{¶4} The Prosecutor and the County Council appealed. The Prosecutor asserted five assignments of error, and the County Council joined in the Prosecutor's brief.

II.

**ASSIGNMENT OF ERROR NO. 1**

BECAUSE BROCKLER WAS NOT A "COUNTY OFFICER," THE TRIAL COURT ERRED IN HOLDING THAT HE HAD A CLEAR LEGAL RIGHT TO HAVE COUNSEL PROVIDED TO HIM AT PUBLIC EXPENSE PURSUANT TO R.C. 309.09(A) AND/OR R.C. 305.14(A).

**{¶5}** In their first assignment of error, the Prosecutor and the County Council argue that the trial court erred by determining that Attorney Brockler was a county officer under R.C. 309.09(A). This Court agrees.

**{¶6}** "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511 (1994). This Court reviews a trial court's decision to grant summary judgment de novo. *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga No. 104157, 2017-Ohio-7727, ¶ 68.

**{¶7}** In order to obtain a writ of mandamus, a relator must demonstrate (1) a clear legal right to the relief requested, (2) a corresponding clear legal duty on the part of the respondent to provide the relief, and (3) that the relator does not have an adequate remedy in the ordinary course of law. *State ex rel. Rodriguez v. Barker*, 158 Ohio St.3d 39, 2019-Ohio-4155, ¶ 8, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6. Mandamus is "'a writ to compel action by, not to give [a] remedy against, the individual officer, for injury resulting from an imperfect or improper action.'" *State ex rel. Libbey-Owens-Ford Glass Co. v. Indus. Comm. of Ohio*, 162 Ohio St. 302, 307 (1954), quoting *The Universal Church v. The Trustees of Section*

*Twentynine, Columbia Twp., Hamilton Cty*, 6 Ohio 445, 447 (1834). It follows that in every instance, "the right to relief * * * must be clear and the burden of establishing such right is on the relator." *State ex rel. McGarvey v. Zeigler*, 62 Ohio St.2d 320, 321 (1980). "Mandamus * * * [is an] extraordinary remed[y], to be issued with great caution and discretion and only when the way is clear[] * * * to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." (Internal citations omitted.) *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977).

{¶8} R.C. 309.09(A) describes the duty of a county prosecuting attorney to function as the legal advisor for county entities:

> The prosecuting attorney shall be the legal adviser of the board of county commissioners, board of elections, all other county officers and boards, and all tax-supported public libraries, and any of them may require written opinions or instructions from the prosecuting attorney in matters connected with their official duties. The prosecuting attorney shall prosecute and defend all suits and actions that any such officer, board, or tax-supported public library directs or to which it is a party, and no county officer may employ any other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code.

R.C. 305.14(A) provides a procedure for the appointment of additional counsel:

> The court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity.

R.C. 305.14(A), therefore, operates as an exception to the prohibition against employment of legal counsel by county officers that is set forth in R.C. 309.09(A). *State ex rel. Gains v. Maloney*, 102 Ohio St.3d 254, 2004-Ohio-2658, ¶ 13. The process described by R.C. 305.14(A) is employed when the prosecuting attorney has a conflict of interest. *See State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, ¶ 19.

{¶9} R.C. 309.09(A), however, pertains only to "the board of county commissioners, board of elections, all other county officers and boards, and all tax-supported public libraries." The plain language of the statute indicates the legislature's intention that in addition to the two entities specified therein—boards of county commissioners and boards of elections—the prosecuting attorney is the legal advisor to all other county officers and county boards, as well as "tax-supported libraries." When read in its context, the statute does not provide that the scope of the prosecuting attorney's statutory duty to act as legal advisor extends to all county *employees*. As the Ohio Supreme Court has recognized, R.C. 309.09(A) does not even discuss employees. *See State ex rel. Dreamer v. Mason*, 129 Ohio St.3d 94, 2011-Ohio-2318, ¶ 20. *Compare* 1988 Ohio Atty.Gen.Ops. No. 88-055, 1988 WL 428848, *2 (noting a distinction between R.C. 309.09(A), which pertains to county officers, and R.C. 2744.07(A)(1), which pertains to county employees). The reference to "county officers" in R.C. 309.09(A) refers not to employees, but to county officials. *See, e.g., Kremer v. Cox*, 114 Ohio St.3d 41, 56 (9th Dist.1996) (county coroner); 2019 Ohio Atty.Gen.Ops. No. 2019-003, 2019 WL 529302, *4-6 (county engineer and county auditor).[1]

{¶10} On its face, therefore, R.C. 309.09(A) does not give Attorney Brockler a clear legal right to a defense by the Prosecutor in disciplinary actions, nor does it create a corresponding clear legal duty on the Prosecutor to provide him with a defense. R.C. 2744.07, which the trial court referenced in support of its conclusion that the Prosecutor had such a duty, is not relevant to this determination. R.C. 2744.07(A) describes the duty of a political subdivision to provide a defense to an employee "in any civil action or proceeding which contains an allegation for damages for

---

[1] Questions regarding the scope of a prosecuting attorney's duty under R.C. 309.09(A) ordinarily relate not to whether an individual is an officer, but to whether an office or board falls within the statute's description of "*county* officers and boards." (Emphasis added.) *See, e.g.*, 2004 Ohio Atty.Gen.Ops. No. 2004-032, 2004 WL 2132767, *2.

injury, death, or loss to person or property caused by an act or omission of the employee in connection with a governmental or proprietary function." The subject matter of R.C. Chapter 2744 is tort liability with respect to political subdivisions. R.C. 309.09(A), on the other hand, describes the mandatory duty of a prosecuting attorney to act as legal advisor to county boards and officeholders. It falls within R.C. Chapter 309, which describes the mandatory duties of a prosecuting attorney, in the context of R.C. Title III, which in turn describes the organization of counties and the powers and duties given to the various county entities created by statute. In other words, R.C. 2744.07(A) and R.C. 309.09(A) are not "'statutes that relate to the same general subject matter'" which must be "'read *in pari materia*'" and construed together. *See United Tel. Co. of Ohio v. Limbach*, 71 Ohio St.3d 369, 372 (1994), quoting *Johnson's Markets, Inc. v. New Carlisle Dept. of Health*, 58 Ohio St.3d 28, 35 (1991).

{¶11} The trial court erred by concluding that Attorney Brockler had a clear legal right to a defense by the Prosecutor under R.C. 309.09(A) and that the Prosecutor had a corresponding clear legal duty to provide a defense. Accordingly, the County and the Prosecutor's first assignment of error is sustained.

**ASSIGNMENT OF ERROR NO. 2**

BECAUSE THE PROSECUTOR HAD NO CLEAR AND ABSOLUTE DUTY TO PROVIDE COUNSEL TO REPRESENT BROCKLER ON THE PROFESSIONAL MISCONDUCT CHARGES FILED AGAINST HIM BY OHIO DISCIPLINARY COUNSEL, THE TRIAL COURT ERRED AND USURPED THE PROSECUTOR'S DISCRETIONARY AUTHORITY BY ORDERING THE EMPLOYMENT OF PRIVATE LEGAL COUNSEL AT PUBLIC EXPENSE PURSUANT TO R.C. 309.09(A) AND/OR R.C. 305.14(A).

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ERRED BY ORDERING THE RETROACTIVE REIMBURSEMENT OF LEGAL EXPENSES INCURRED BY BROCKLER WITHOUT PRIOR COURT AUTHORIZATION PURSUANT TO R.C. 309.09(A) AND R.C. 305.14(A).

{¶12}   In their second assignment of error, the Prosecutor and the County Council argue that the trial court erred by granting a writ of mandamus to compel a discretionary duty under R.C. 309.09(A).   In their third assignment of error, they argue that even if Attorney Brockler was entitled to a defense, the trial court erred by ordering reimbursement without prior authorization under R.C. 305.14(A).   In light of this Court's resolution of their first assignment of error, their second and third assignments of error are moot.   *See* App.R. 12(A)(1)(c).

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED BY APPLYING PROMISSORY ESTOPPEL AS AN ALTERNATE GROUNDS TO REQUIRE THE RETROACTIVE REIMBURSEMENT OF LEGAL EXPENSES INCURRED BY BROCKLER WITHOUT PRIOR COURT AUTHORIZATION PURSUANT TO R.C. 309.09(A) AND R.C. 305.14(A).

{¶13}   In their fourth assignment of error, the Prosecutor and the County Council argue that the trial court erred by entering judgment in favor of Attorney Brockler under a theory of promissory estoppel because he did not establish that the elements of promissory estoppel were met and, regardless, because promissory estoppel cannot be asserted against a political subdivision engaged in a governmental function.   This Court agrees that the trial court erred, but for a more fundamental reason.

{¶14}   Mandamus is premised on the existence of a clear legal right, and a writ of mandamus will not issue on an equitable basis.   *See State ex rel. Habe v. South Euclid*, 56 Ohio St.3d 117, 119 (1990), citing *State ex rel. Carson v. Bd. of Edn. of Stock Twp., Harrison Cty.*, 115 Ohio St. 55, 57 (1926).   "[T]he remedy by mandamus rests upon the legal rights of the relator, on the one hand, and the legal obligations and duties of respondent, on the other, and cannot be predicated solely upon the equitable rights and obligations existing between the parties."   *Carson* at 58.   *See also State ex rel. Barbee v. Bur. of Workers' Comp.*, 10th Dist. Franklin No. 01AP-

1266, 2002-Ohio-6279, ¶ 34; *State ex rel. Sneary v. Miller*, 86 Ohio App.3d 684, 687-688 (3d Dist.1993); *State ex rel. Boyd v. Dayton*, 2d Dist. Montgomery No. CA 9933, 1987 WL 6830, *2 (Feb. 20, 1987). Consequently, a writ of mandamus will not issue on the basis of promissory estoppel. *State ex rel. Tarrier v. Pub. Emps. Retirement Bd.*, 10th Dist. Franklin No. 18AP-12, 2020-Ohio-681, ¶ 52, 75. *See also State ex rel. Strothers v. Colon*, 8th Dist. Cuyahoga No. 74916, 1999 WL 125847, *4 (Feb. 12, 1999), quoting *Sneary* at 687-688.

{¶15} Attorney Brockler's amended complaint pleaded promissory estoppel as an alternative ground for a writ of mandamus to issue: after setting forth the basis for his promissory estoppel argument, the complaint requested "that this Honorable Court immediately issue a Writ of Mandamus" ordering payment of his legal expenses.[2] Because equitable rights, such as those arising from promissory estoppel, cannot form the basis for relief in mandamus, the trial court erred by granting Attorney Brockler relief on this basis.[3] The Prosecutor and the County Council's fourth assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT ERRED IN AWARDING BROCKLER ATTORNEY FEES
IN VIOLATION OF THE AMERICAN RULE.

{¶16} In their fifth assignment of error, the Prosecutor and the County Council argue that the trial court erred to the extent that it ordered payment of Attorney Brockler's legal expenses

---

[2] Assuming that a relator who seeks an extraordinary writ can plead additional civil claims against a respondent, which is beyond the scope of this opinion, this Court notes that Attorney Brockler did not do so.

[3] Even if equitable rights could give rise to a claim in mandamus, a civil action grounded in promissory estoppel would constitute an adequate remedy in the ordinary course of law that would prohibit issuance of the writ. *See State ex rel. Smith v. Cuyahoga Cty. Sheriff*, 8th Dist. Cuyahoga No. 103534, 2016-Ohio-1469, ¶ 11.

based on a theory of promissory estoppel. In light of this Court's resolution of their fourth assignment of error, their fifth assignment of error is moot. *See* App.R. 12(A)(1)(c).

III.

{¶17} The Prosecutor and the County Council's first and fourth assignments of error are sustained. Their second, third, and fifth assignments of error are moot. The judgment of the Cuyahoga County Court of Common Pleas is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Cuyahoga, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

(Callahan, P. J., Hensal, J., and Teodosio, J., of the Ninth District Court of Appeals, sitting by assignment.)


APPEARANCES:

MICHEL C. O'MALLEY, Prosecuting Attorney, and CHARLES E. HANNAN and NORA E. POORE, Assistant Prosecuting Attorneys, for Appellant.

ANDREA NELSON MOORE, Attorney at Law, for Appellant.

KIMBERLY VANOVER RILEY, Attorney at Law, for Appellee.

GEORGE D. JONSON, Attorney at Law, for Appellee.